[No. C014767. Third Dist. Apr. 11, 1994.]

LISA M. WAGY, etc., Plaintiff and Appellant, v.
JAMES FRANKLIN BROWN et al., Defendants and Appellants.

## COUNSEL

Stephen B. Gorman and Peter J. Kozak for Plaintiff and Appellant.

Chaffin & Sarro and William A. Chaffin, Jr., for Defendants and Appellants.

## OPINION

**PUGLIA, P. J.**—Lisa M. Wagy (plaintiff), individually and as guardian ad litem, sued James Franklin Brown and Ethel Brown (defendants) for personal injuries to herself and her minor children arising from an automobile accident. In their answer defendants denied negligence and asserted plaintiff's contributory negligence.

In response to plaintiff's request for admissions (Code Civ. Proc., § 2033), defendants denied negligence.

Pursuant to Code of Civil Procedure section 998, plaintiff made an offer to compromise for $50,000 (further statutory references to sections of an undesignated code are to the Code of Civil Procedure). Defendants did not timely accept plaintiff's offer and it was therefore "deemed withdrawn." (§ 998, subd. (b)(2).) Thereafter, the case was ordered to judicial arbitration. (§ 1141.11, subd. (a).)

Defendants admitted for purposes of the arbitration only that they were negligent, thus obviating the necessity for proof on that issue. The arbitrator awarded plaintiff $50,000 and ordered each side to bear its own costs. (See Cal. Rules of Court, rule 1614(a)(8).)[1] Neither party requested a trial de novo (§ 1141.20) and the award was entered as a judgment (§ 1141.23).

Following entry of judgment, plaintiff filed a memorandum of costs in the superior court, seeking service and deposition fees ordinarily awarded to the

---

[1] A transcript of the arbitration proceeding is not included in the record on appeal.

prevailing party pursuant to sections 1032 and 1033.5, and prejudgment interest in the amount of $3,013 pursuant to section 998 and Civil Code section 3291. (See § 1033.5, subd. (a)(13).) Plaintiff also moved to recover attorney fees in the amount of $250 pursuant to section 2033, subdivision (o) which she claimed were reasonably incurred in preparing to prove defendants' negligence at the arbitration hearing.

Defendants opposed plaintiff's motion for attorney fees, arguing that section 2033, subdivision (o) applies only after a trial and does not apply to proceedings incident to arbitration.[2] Alternatively, defendants argued they are not liable for plaintiff's attorney fees incurred on account of their denial of negligence in responding to a request for admissions because they "had reasonable ground to believe" they would ultimately prevail on the matter (§ 2033, subd. (o)(3)), and they had a "good reason for the failure to admit" requests for admissions propounded early in the proceeding before all discovery was complete (§ 2033, subd. (o)(4)).

Defendants moved to strike plaintiff's cost memorandum. They contended plaintiffs were foreclosed from recovering costs by the arbitrator's ruling that each side bear its own costs and that, in any event, prejudgment interest under section 998 and Civil Code section 3291 is not recoverable when, as here, the judgment is precisely equal to the offer to compromise.

After hearing, the superior court granted plaintiff's request for $250 in attorney fees, finding that the purpose of section 2033, subdivision (o) is to ensure compliance with discovery requests. The court further determined that it had discretion to apply section 2033 in postarbitration proceedings. The court denied plaintiff's motion for costs including prejudgment interest, and granted defendants' motion to strike on the grounds that "the costs in issue were ruled upon by the arbitrator."

Plaintiff appeals from the order striking her memorandum of costs. Defendants cross-appeal from the order granting attorney fees. We shall dismiss the appeal from the order striking costs except to the extent it relates to the claim for prejudgment interest and, as to that, we shall affirm. We shall reverse the order granting attorney fees.

---

[2]Defendants do not contend on appeal nor did they argue in the superior court that an award of attorney fees under section 2033, subdivision (o) is an item of costs (see § 1033.5, subd. (a)(10)(B)) within the authority of the arbitrator to award or deny (Cal. Rules of Court, rule 1614(a)(8)) and therefore foreclosed to plaintiff by the arbitrator's order that each party bear its own costs.

## I

■ For reasons that will become apparent, we shall consider first defendants' cross-appeal from the order granting attorney fees. The order is appealable. (*Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 655-656 [25 Cal.Rptr.2d 109, 863 P.2d 179].)

Section 2033, subdivision (o) authorizes the court to award costs including attorney fees incurred by a party in proving any matter where the proof is necessitated by an opposing party's denial of a request for admissions. It provides in relevant part: "[i]f a party fails to admit . . . the truth of any matter when requested to do so under this section, *and if the party requesting that admission thereafter proves* . . . the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." (Italics added.)

" 'Proof' is the establishment by evidence of a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." (Evid. Code, § 190.) Given this definition, preparation for trial or arbitration is not the equivalent of proving the truth of a matter so as to authorize an award of attorney fees under section 2033, subdivision (o). Expenses are recoverable only where the party requesting the admission "proves . . . the truth of that matter," not where that party merely prepares to do so. Plaintiff is not entitled to attorney fees under the statute and the trial court erred in awarding them.

## II

We next consider plaintiff's appeal from the order striking her cost memorandum.

■ We must first determine if that order is appealable. A postjudgment order on a motion to strike costs is ordinarily appealable under section 904.1, subdivision (a)(2), as an order made after an appealable final judgment. Defendants contend that section does not confer appealability because a judgment on a judicial arbitration award is not appealable under section 1141.23, and therefore the order striking costs is not appealable as an order made after an appealable judgment.[3]

Within the context of a judicial arbitration it has been held that an order striking costs is itself a final judgment and is appealable as such. In *Joyce* v.

---

[3]Section 904.1, subd. (a) provides in relevant part: "An appeal may be taken from a superior court in the following cases: [¶] (1) From a judgment . . . . [¶] (2) From an order made after a judgment made appealable by subdivision (a)."

Section 1141.23 provides in relevant part: "The arbitration award shall be in writing, signed by the arbitrator and filed . . . . If there is no request for a de novo trial and the award is not vacated, the award shall be entered in the judgment book in the amount of the award. Such

*Black* (1990) 217 Cal.App.3d 318 [266 Cal.Rptr. 8], the court held: "The substance and effect of the order, not its label or form, determines whether it is appealable as a final judgment. . . . This order [striking costs] has all the earmarks of a final judgment. It is final in the sense that it leaves nothing for future consideration. . . . More importantly, it is the only judicial ruling in the case, and thus there is no other opportunity for review by appeal." (At p. 321; citations omitted; emphasis original; see also *Dickens* v. *Lee* (1991) 230 Cal.App.3d 985, 987 [281 Cal.Rptr. 783].)

In *Joyce*, unlike this case, the arbitrator awarded costs but failed to specify in what amount costs were recoverable. The *Joyce* court reasoned that in those circumstances, costs are properly determined and awarded by the superior court in the first instance after judgment has been entered. As explained in *Dickens* v. *Lee, supra*, 230 Cal.App.3d at page 987: "In such a case, there can be no request for a trial de novo as to costs, since the court determines costs in the first instance and thus the portion of the court's judgment awarding costs must be appealable, because otherwise there would be no opportunity for appellate review."

Defendants argue, persuasively, that *Joyce* and *Dickens* are distinguishable because in those cases, although the arbitrators awarded costs, the amounts were not specified and thus could not be challenged by trial de novo.

The arbitrator has authority to award costs not to exceed statutory costs of suit (Cal. Rules of Court, rule 1614(a)(8)). Here, unlike *Joyce* and *Dickens*, the arbitrator exercised that authority, ordering each side to bear its own costs. That order effectively denied costs to each party and left nothing more to be decided with respect to that issue.

The only way plaintiff could challenge the arbitrator's order denying costs was by a request for trial de novo (§ 1141.20; Cal Rules of Court, rule 1616). ██ A timely request for trial de novo operates to vacate the arbitration award in its entirety, putting the case at large "as though no arbitration proceedings had occurred." (Cal. Rules of Court, rule 1616(c); *Trump* v. *Superior Court* (1981) 118 Cal.App.3d 411, 415 [173 Cal.Rptr. 403] [the judicial arbitration statute does not permit a party to elect trial de novo on some issues and to accept the arbitration award as to others]; cf. *Dickens* v. *Lee, supra*, 230 Cal.App.3d 985, 987-988 [if the arbitrator awards costs in a specified amount ". . . the costs portion of the judgment is nonappealable, since a dissatisfied party *can request a trial de novo as to costs and subsequently obtain review of the costs* award on appeal from the

award shall have the same force and effect as a judgment in any civil action or proceeding, *except that it is not subject to appeal* . . . ." (Italics added.)

court's de novo judgment" (italics added)].) Plaintiff did not request a trial de novo and thus she waived any challenge to the arbitrator's order denying costs. The plaintiff's purported appeal from the superior court's order striking costs must therefore be dismissed because it is not an order made after an appealable judgment (§ 904.1, subd. (a)(2)) nor, with an exception to be noted, is it a final judgment in the sense that it is the *only* ruling on costs and resolves issues left unresolved by the arbitrator. (See *Joyce* v. *Black, supra,* 217 Cal.App.3d at pp. 321-322.)

 However, to the extent plaintiff's appeal from the order striking costs relates to plaintiff's claim for prejudgment interest under section 998 and Civil Code section 3291, a different analysis is indicated. Prejudgment interest under those provisions is an item of costs under section 1033.5, subdivision (a)(13) which allows as costs "Any other item that is required to be awarded to the prevailing party pursuant to statute as an incident to prevailing at trial . . . ." Civil Code section 3291 provides that if plaintiff makes an offer pursuant to section 998 which defendant does not timely accept and "plaintiff obtains a more favorable judgment," the judgment shall bear interest at 10 percent per annum from the date of the offer. The arbitrator's order that each party bear its own costs would effectively deny plaintiff recovery of prejudgment interest only if that item of costs were within the authority of the arbitrator to decide.

Plaintiff urges, however, that her right to claim costs pursuant to section 998 did not "vest" until the judgment was entered. As a result, she contends, the arbitrator could *not* have ruled on the issue of prejudgment interest; accordingly, plaintiff argues, the trial court's determination of that issue was the only ruling thereon and its ruling is appealable under the rule of *Joyce* v. *Black, supra,* 217 Cal.App.3d at pages 321-322. As will appear, we agree.

On the other hand, defendants argue that section 998 and Civil Code section 3291 relating to recovery of prejudgment interest do not apply in arbitration proceedings. For this proposition defendants rely on *Woodard* v. *Southern Cal. Permanente Medical Group* (1985) 171 Cal.App.3d 656 [217 Cal.Rptr. 514] and *Nott* v. *Superior Court* (1988) 204 Cal.App.3d 1102 [251 Cal.Rptr. 842].

*Woodard,* which held that section 998 and Civil Code section 3291 do not apply to arbitration proceedings, involved contractual, not judicial arbitration. *Woodard* was distinguished on that basis in *Joyce* v. *Black, supra,* 217 Cal.App.3d at page 323: "The reasoning in *Woodard* is sound within the context of that case and supports that court's holding as to *contractual* arbitration. But we reject any interpretation of *Woodard*'s broad-sweeping

language as applying to *judicial* arbitration. Because application of Code of Civil Procedure section 998 and Civil Code section 3291 to judicial arbitration is consistent with the language of those statutes and the strong public policy in favor of encouraging early settlement, we hold that prejudgment interest is recoverable under Code of Civil Procedure section 998 and Civil Code section 3291 in judicial arbitration proceedings." (Original italics.) The court explained: ". . . judicial arbitration takes place within the judicial arena and is necessarily followed by court action, consisting of either a trial de novo (§ 1141.20) or entry of judgment on the award (§ 1141.23). Thus the statutory prejudgment interest provisions setting the date of 'trial' as an outside limit on acceptance of the settlement offer (§ 998; Civ. Code, § 3291), providing for recovery of prejudgment interest if the plaintiff obtains 'a more favorable judgment' (Civ. Code, § 3291), and otherwise referring to 'trial' or the 'judge' (§ 998) are all, unlike contractual arbitration, logically applicable to judicial arbitration procedures." (217 Cal.App.3d at p. 322.)

We agree with the holding in *Joyce* v. *Black* that section 998 and Civil Code section 3291 apply to judicial arbitration proceedings, entitling plaintiff in appropriate circumstances to prejudgment interest. Nothing we said in *Nott* v. *Superior Court* is inconsistent with that holding. In *Nott*, plaintiff's action for personal injury against defendant and codefendant Harms was set for judicial arbitration. Before the arbitration commenced, plaintiff served defendant on August 31 with an offer to settle for $3,500 pursuant to section 998. The arbitration commenced on September 16. (204 Cal.App.3d at p. 1104.) On September 25, defendant mailed to plaintiff its acceptance of plaintiff's offer. The acceptance was filed with the court September 28. On October 7, the arbitrator awarded plaintiff $24,950 against codefendant Harms but found defendant not liable. Plaintiff moved for entry of judgment against defendant according to the terms of its offer to settle (§ 998, subd. (b)(1)). (204 Cal.App.3d at p. 1105.) Defendant resisted, arguing the commencement of the arbitration was equivalent to commencement of trial within the meaning of section 998, subdivision (b)(2), and therefore the plaintiff's offer must be deemed withdrawn before defendant accepted it.[4] The trial court denied plaintiff's motion to enter judgment. We issued a writ of mandate directing the trial court to enter judgment in accordance with plaintiff's offer to settle. We held a judicial arbitration is not a trial within the meaning of section 998, subdivision (b)(2) such that its commencement would terminate an outstanding offer to compromise as a matter of law. (204 Cal.App.3d at pp. 1106-1107.) We pointed out a judicial arbitration does not meet the test of finality: "A judicial arbitration hearing

[4]Section 998, subdivision (b)(2) provides that "If the offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, . . ."

does not result in a judgment but in an arbitration award. (§ 1141.20.) It does not finally resolve any issue of fact or law in the case. A party may freely set aside an arbitration award by a timely request for a 'de novo trial, by court or jury, both as to law and facts.' (§ 1141.20, subd. (b).)" (204 Cal.App.3d at p. 1107.) *Nott* neither holds nor logically implies that section 998 and Civil Code section 3291 do not apply to arbitration procedures. In fact, *Nott* applied section 998 in a judicial arbitration.

As the *Nott* court observed, defendant "could have achieved its proffered objective under the existing scheme of things by making its offer more than 30 days prior to the judicial arbitration hearing. Alternately, it could have revoked its offer at the outset of that hearing or any time prior to [plaintiff's] acceptance." (204 Cal.App.3d at p. 1108.)

■ Entitlement to prejudgment interest is dependent on plaintiff obtaining a "more favorable judgment" (Civ. Code, § 3291) than the amount of her offer. The arbitrator awarded plaintiff $50,000, the identical amount of her offer and denied costs. The arbitrator's award is not a "judgment" within the meaning of Civil Code section 3291. As we pointed out in *Nott*, the award does not finally resolve any issue of fact or law and may be set aside by a timely request by either party for a trial de novo. (*Nott* v. *Superior Court, supra*, 204 Cal.App.3d at p. 1107.) Thus even if the award were more favorable than plaintiff's offer to settle, the arbitrator would not be invested with authority to award plaintiff prejudgment interest. We hold that the arbitrator's order, in effect denying plaintiff her costs, could not and therefore did not comprehend the issue of prejudgment interest.

■ The superior court entered the award as a judgment (§ 1141.23). The judgment for $50,000 with each party to bear its own costs, was not "more favorable" to plaintiff than her offer. Therefore plaintiff was not entitled to prejudgment interest and to the extent plaintiff's memorandum of costs so requested, the superior court did not err in ordering it stricken.[5]

Plaintiff contends that her recovery of $250 in attorney fees under section 2033, subdivision (o) should be added to the arbitration award for the

---

[5]To be entitled to prejudgment interest, plaintiff must receive a "more favorable judgment" than her offer to compromise (Civ. Code, § 3291). The judgment was for $50,000 which is not more favorable than plaintiff's $50,000 offer to compromise. However, a plaintiff may recover expert witness fees in the discretion of the court if defendant refuses to accept plaintiff's offer to compromise and thereafter "defendant fails to obtain a more favorable judgment." (§ 998, subd. (d).) The subtle distinction between Civil Code section 3291 and section 998, subdivision (d) becomes important only in the relatively infrequent situation where the offer and judgment are equal. In that case, as with a "push" in the game of blackjack, the status quo ante prevails.

purposes of calculating whether the judgment was more favorable than her settlement demand. (*Stallman* v. *Bell* (1991) 235 Cal.App.3d 740, 748 [286 Cal.Rptr. 755] [for purposes of § 998, preoffer and postoffer statutory costs are added to the verdict to determine whether plaintiff obtained a judgment more favorable than his settlement offer].) Because we have determined that the court erred in awarding attorney fees under section 2033, subdivision (o), plaintiff's contention is moot.

The order that defendants pay $250 in attorney fees is reversed. To the extent the order striking plaintiff's cost memorandum relates to plaintiff's request for prejudgment interest, it is affirmed. In all other respects plaintiff's appeal is dismissed.

Sparks, J., and Sims, J., concurred.