[No. E028669. Fourth Dist., Div. Two. Oct. 3, 2001.]

RACHELLE STULL, Plaintiff and Appellant, v.
CHAD ALLAN SPARROW et al., Defendants and Respondents.

## COUNSEL

Law Offices of Julian A. Pollok and Julian A. Pollok for Plaintiff and Appellant.

Cynthia Martinez & Associates, Mark R. Devey and Gena P. Marca for Defendants and Respondents.

## OPINION

**RAMIREZ, P. J.**—Plaintiff Rachelle Stull (Stull) appeals from a postjudgment order denying her motion for costs and fees under Code of Civil Procedure[1] section 2033, subdivision (o).[2] She claims that the trial court erred in determining that the defendants' admission of liability on the eve of trial precluded the order she sought. We disagree and affirm.

### FACTS AND PROCEDURAL HISTORY

According to Stull's complaint, this action arose on August 30, 1995, when defendant Chad Allan Sparrow (Sparrow) negligently operated a motor vehicle, thereby causing her injury. Defendants Gregory Chapin and Vicky Chapin allegedly owned the vehicle that Sparrow operated with their permission.

On March 19, 1999, after the defendants had filed their answers, Stull served them with a request under section 2033 that they admit liability for the traffic accident. Specifically she asked them to admit that "[d]efendants do not contest the fact that they are liable to plaintiff for injuries and damages incurred as the result of the traffic accident identified in the complaint herein." Defendants responded by objecting to the request on the grounds that it was "vague, ambiguous, and compound." Defendants also

---

[1]Future statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]"If a party fails to admit the genuineness of any document or the truth of any matter when requested to do so under this section, and if the party requesting that admission thereafter proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make this order unless it finds that (1) an objection to the request was sustained or a response to it was waived under subdivision (*l*), (2) the admission sought was of no substantial importance, (3) the party failing to make the admission had reasonable ground to believe that that party would prevail on the matter, or (4) there was other good reason for the failure to admit." (§ 2033, subd. (o).) While this statute became operative in 1987, the rule requiring repayment of expenses incurred proving a matter not admitted has been in place for many years. (See, e.g., *City of Los Angeles v. Waller* (1979) 90 Cal.App.3d 766, 780 [154 Cal.Rptr. 12]; *Haseltine v. Haseltine* (1962) 203 Cal.App.2d 48, 59-61 [21 Cal.Rptr. 238].)

claimed that "discovery and investigation [were] still ongoing." After sending a letter requesting either an admission or a denial, Stull filed a motion to compel further responses to the request. On June 3, 1999, defendants served a supplemental response to Stull's request for admission indicating that without waiving their objections, they would deny that liability was uncontested. Defendants further explained that Stull requested that they admit liability for all of her injuries and damages, without specifying what those might be. They asserted that expert opinion would be necessary to determine what injuries and damages Stull suffered. Defendants also opposed Stull's motion to compel on these grounds. On June 16, 1999, the court denied Stull's motion.

In the meantime, on May 20, 1999, Stull's action was consolidated with that of Debra Stull, whose complaint arising out of the same accident, and against the same defendants, had been filed nearly two years prior to Stull's. Stull then noticed the defendants' depositions, which apparently had not yet been taken. However, the parties refused to compromise on a location for the depositions, resulting in additional motions to compel.

On June 28, 1999, Stull served Sparrow with the following request for admission: "Without admitting that plaintiff is entitled to recover damages in any specific category or amount, admit that you do not contest your liability arising from the traffic accident which is the basis of this action." He responded, "On the advice of my attorneys, I am requiring that plaintiff meet her burden of proof as to liability in this matter." After an exchange of letters, Sparrow served supplemental responses wherein he stated simply, "DENY." He clarified that the "issue of whether plaintiff(s) wrongfully entered defendants' [*sic*] lane of travel is the subject of dispute."

Then, on November 23, 1999, Stull served defendants with another set of requests for admissions. That request included the following: "The traffic accident which is the subject of the above-captioned action was caused by defendant Chad Allan Sparrow not paying attention to where his vehicle was going" and "[t]he traffic accident which is the subject of the above captioned action was caused by defendant Chad Allan Sparrow allowing his vehicle to move into the traffic lane in which the vehicle in which plaintiff was a passenger was travelling." The requests were accompanied by a set of four contention interrogatories, essentially seeking to learn who defendants believed caused the accident. The defendants denied each of the requests for admissions on the grounds that Sparrow contended, "on information and belief," that the driver of the vehicle in which Stull was a passenger "overreacted to the alleged danger presented by . . . Sparrow moving over into the plaintiffs' lane." Vicky Chapin then responded that she contended that Sparrow and Debra Stull were the causes of the accident because "Debra

Stull overreacted and otherwise drove unreasonably during the course of the accident . . . ."

The matter proceeded to trial. On August 23, 2000, the defendants filed a statement of the case in which they admitted fault for the accident. Stull admits that the defendants' stipulation occurred prior to jury selection, and therefore prior to the commencement of the trial. (§ 581, subd. (a)(6).) Thereafter, a jury rendered a verdict in favor of Stull. Judgment was entered in her favor on October 3, 2000, in the amount of $5,000 plus interest. On October 19, 2000, Stull filed a motion seeking an order awarding expenses incurred in proving matters that defendants had not admitted, in the amount of $10,011.40. Defendants opposed Stull's motion on the ground that section 2033, subdivision (o) does not authorize the requested order because Stull did not prove the truth of the matters that were not admitted. The trial court agreed with defendants and denied the order. This appeal followed.

## DISCUSSION

■ The question that we confront is whether Stull may recover expenses under section 2033, subdivision (o), in light of defendants' statement, just prior to trial, that they would not contest liability for the underlying accident, thus obviating the need for proof on that issue. ■ "The determination of whether a party is entitled to expenses under section 2033, subdivision (o) is within the sound discretion of the trial court." (*Wimberly v. Derby Cycle Corp.* (1997) 56 Cal.App.4th 618, 637, fn. 10 [65 Cal.Rptr.2d 532] (*Wimberly*).) More specifically, "[s]ection 2033, subdivision (o) clearly vests in the trial judge the authority to determine whether the party propounding the admission thereafter proved the truth of the matter which was denied." (*Garcia v. Hyster Co.* (1994) 28 Cal.App.4th 724, 735 [34 Cal.Rptr.2d 283], italics omitted (*Garcia*).) An abuse of discretion occurs only where it is shown that the trial court exceeded the bounds of reason. (*Piscitelli v. Friedenberg* (2001) 87 Cal.App.4th 953, 972 [105 Cal.Rptr.2d 88].) It is a deferential standard of review that requires us to uphold the trial court's determination, even if we disagree with it, so long as it is reasonable. (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 882 [94 Cal.Rptr.2d 505].)

■ Requests for admissions differ fundamentally from other forms of discovery. Rather than seeking to uncover information, they seek to eliminate the need for proof. (*Demyer v. Costa Mesa Mobile Home Estates* (1995) 36 Cal.App.4th 393, 401 [42 Cal.Rptr.2d 260] [also observing that elimination of need for proof can be achieved by stipulation at any time before trial], disapproved of on other grounds in *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 983, fn. 12 [90 Cal.Rptr.2d 260, 987 P.2d 727].) It reasonably follows that the aims of the statutes are different.

"The primary purpose of requests for admissions is to set at rest triable issues so that they will not have to be tried; they are aimed at expediting trial. [Citation.] The basis for imposing sanctions . . . is directly related to that purpose. Unlike other discovery sanctions, an award of expenses . . . is not a penalty. Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission . . . [citations] such that trial would have been expedited or shortened if the request had been admitted." (*Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 509 [224 Cal.Rptr. 838] (*Brooks*); see also *Wimberly, supra,* 56 Cal.App.4th at p. 634 [" 'requests for admissions are conceived for the purpose of setting to rest triable issues in the interest of expediting trial.' "].)

██ In *Wagy v. Brown* (1994) 24 Cal.App.4th 1 [29 Cal.Rptr.2d 48] (*Wagy*), the Court of Appeal recognized this primary purpose of the sanctions provision in Code of Civil Procedure section 2033. There, the plaintiffs had served a request that the defendants admit negligence in causing the automobile accident that was the subject of the litigation. The defendants refused to make that admission. Nevertheless, prior to the commencement of judicial arbitration, the defendants admitted their negligence, thus obviating the need for plaintiffs to submit any proof on that issue. Neither party requested a trial de novo and the arbitrator's award was entered as a judgment in favor of the plaintiffs. (24 Cal.App.4th at p. 4.) The court held that under the definition of proof in Evidence Code section 190,[3] and in light of the defendants' concession, the plaintiffs had not proved the truth of the matter contained in their request for admission. Rather, they had only *prepared* to submit proof on this issue. Therefore, they were not entitled to recover under section 2033, subdivision (o). (24 Cal.App.4th at p. 6.)

Stull attempts to distinguish *Wagy* on the ground that it concerned arbitration and not trial. However, she has failed to explain why this is a distinction that makes a difference, nor can we fathom why it should be so. The instant case parallels *Wagy* in that defendants' admission of liability prior to the trial obviated the need for Stull to produce any proof on that element of her case. As we observed earlier, it is entirely within the trial court's discretion to determine whether a party proved the truth of matter that had been denied. (*Garcia, supra,* 28 Cal.App.4th at p. 735.) That an issue be proved is an express statutory prerequisite to recovery under section 2033, subdivision (o). Proof is something more than just evidence. It is the establishment of a fact in the mind of a judge or jury by way of evidence. (*People v. Mahoney* (1939) 13 Cal.2d 729, 732 [91 P.2d 1029].) Until a trier

---

[3] " 'Proof' is the establishment by evidence of a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." (Evid. Code, § 190.)

of fact is exposed to evidence and concludes that the evidence supports a position, it cannot be said that anything has been proved.

As in *Wagy*, Stull merely prepared to offer proof of liability. Defendants' concession immediately prior to trial made such proof unnecessary. Because Stull did not put on any evidence, the question whether she would have been able to prove the point at issue could only be answered by resort to pure speculation. Further, in this case, the purpose of the statute authorizing requests for admissions, to expedite trial, was served. Because proof was unnecessary and the purposes of section 2033 were served, the trial court did not abuse its discretion in determining that Stull was not entitled to an order of costs and fees under section 2033, subdivision (o) on the ground that the issue had not been proved.

Stull urges us to accept a view of the issue in this case as being primarily focused on the timing of the admission. In support of this assertion, she cites *Wimberly* and *Brooks* for the proposition that the accepted rule suggests that the proper time to admit facts is during pretrial discovery. (*Wimberly*, *supra*, 56 Cal.App.4th at p. 634; *Brooks*, *supra*, 179 Cal.App.3d at pp. 510-511.) While we do not dispute that this is the accepted rule, the question that we confront in this case is not when the admission occurred but whether the issue was proved by the plaintiff. Neither *Wimberly* nor *Brooks* addressed this issue.

In *Wimberly*, the defendant contested the issues upon which the plaintiff had sought a concession by way of requests for admissions. However, the defendant, through a misunderstanding of the law regarding expert witnesses, was unable to present any evidence to counter the plaintiff's proof at trial. (*Wimberly*, *supra*, 56 Cal.App.4th at pp. 635-637.) *Wimberly* focused not on whether the plaintiff "proved" the truth of a matter denied, but on another element required to obtain an award under section 2033, to wit, whether the denials were reasonable. Indeed, unlike *Wagy* and the instant matter, the plaintiff in *Wimberly* did have to prove the issue at trial. His task was simply made easier by the defendant's failure to present any contrary evidence. Thus, in *Wimberly*, the purpose of section 2033, to expedite trial, was not served and sanctions were properly ordered under section 2033, subdivision (o).

*Brooks* is very similar to *Wimberly*. It also focused on whether there were good reasons for the defendants' denial of the request for admission. In addition, it considered whether the request for admission was "of substantial importance," as well as the meaning of those statutory terms. (*Brooks*, *supra*, 179 Cal.App.3d at pp. 508-511.) As in *Wimberly*, the *Brooks* court did not address the issue of whether the plaintiff had proved the truth of the matter

the defendants denied. (*Ibid.*) Rather, the analysis proceeded under the assumption that the plaintiff had indeed done so. (*Id.* at pp. 506-507, 512-513.)

Stull points to the *Brooks* court's comment in footnote 6, which implies, contrary to the holding in *Wagy*, that an award for merely preparing to submit proof at trial may be appropriate under section 2033, subdivision (o). (*Brooks, supra,* 179 Cal.App.3d at p. 510, fn. 6.) We decline to follow this implied comment because it patently omits any consideration of the require- ment that an issue must be proved in order to merit an award under section 2033, subdivision (o). Furthermore, in footnote 7, the *Brooks* court explicitly recognizes that the primary purpose of requests for admissions is to expedite trial, and also recognizes that application of footnote 6 in the manner urged by Stull would not advance that purpose. Footnote 7 also reflects an express admission that the *Brooks* court did not resolve the question. (*Brooks, supra,* 179 Cal.App.3d at p. 511, fn. 7.) As such, *Brooks* carries no precedential weight on the issue. (*Johnson v. Superior Court* (1989) 208 Cal.App.3d 1093, 1097 [256 Cal.Rptr. 651].) Thus, neither *Wimberly* nor *Brooks* mandates the result that Stull seeks.

Stull also argues that because a stipulation conclusively establishes a matter as true, and the trier of fact must accept stipulated facts as proved, she did prove the truth of the matter here at issue. She claims that *Garcia, supra,* 28 Cal.App.4th 724, supports this conclusion. In *Garcia,* the court held that a granted motion for nonsuit was the equivalent of proof required by section 2033, subdivision (o). (*Garcia, supra,* 28 Cal.App.4th at p. 735.) Stull asserts that the defendant in *Garcia* did not have to present evidence at trial to prove the truth of the disputed matter as a result of having obtained a nonsuit.

In order to obtain a nonsuit, the evidence submitted by the plaintiff must be accepted as true. (*Garcia, supra,* 28 Cal.App.4th at p. 735.) Further, evidence may be deemed sufficient to prove an issue unless or until it is contradicted and overcome by other evidence. (*People v. Mahoney, supra,* 13 Cal.2d at p. 732.) Section 2033, subdivision (o) does not require that the evidence that proves the issue have been submitted by the party seeking the award. The plaintiff in *Garcia,* in its case-in-chief, submitted evidence that demonstrated that the facts that the defendant had sought to have admitted were indeed true. Because the nonsuit was based upon these facts, the court exercised its discretion and held that it could be concluded that the facts had been proved. (*Garcia, supra,* 28 Cal.App.4th at p. 735.)

Unlike *Garcia,* in the instant case, there is no indication in the record that any evidence on the issue of liability was offered. Under such circumstances, we cannot conclude that the trial court abused its discretion in determining

that Stull did not prove this issue, as that term is defined in Evidence Code section 190 and elsewhere. It is not beyond the bounds of reason for the trial court in this case to have determined that when a party has not put forth any evidence on an issue at trial, that issue has not been proved so as to merit an order under Code of Civil Procedure section 2033, subdivision (o). Because we conclude that there has been no abuse of discretion, we must affirm the order of the trial court.

Stull claims that our ruling will only serve to encourage gamesmanship on the part of defendants who will deny requests for admission out of hand in order to force plaintiffs to expend time and resources to obtain evidence in an attempt to prove the denied issue, knowing that they can stipulate to the matter prior to trial and escape sanction. Such bad faith actions may be subject to sanction under other statutes. (See, e.g., §§ 128.7, subd. (b)(1), (3) & (4), 2023, subds. (a)(3) & (6), (b).) In addition, we also see the potential for gamesmanship in ruling as Stull requests. Parties could use the threat of potentially enormous cost and fees awards in an attempt to coerce admissions early in a case, prior to the completion of discovery, through which it could later be learned that the admission should not have been made. Parties must be afforded some reasonable time in which to determine how best to present their cases at trial. Recognizing that parties should dispense with triable issues as soon as they are reasonably and confidently able to do so, we will not adopt an interpretation of section 2033, subdivision (o) that would encourage premature admissions and premature litigation decisions for the sake of speeding preparation for trial. Finally, to adopt Stull's view, we would have to disregard section 2033, subdivision (o)'s condition that the issue be proved. We must assume that the Legislature had a sound reason for including the requirement that an issue be proved prior to an award under section 2033, subdivision (o), and did so in order to advance its intent in enacting the statute. (§ 1858; *Pham v. Workers' Comp. Appeals Bd.* (2000) 78 Cal.App.4th 626, 634-635 [93 Cal.Rptr.2d 115].)

## DISPOSITION

The order is affirmed. Defendants to recover their costs on appeal.

McKinster, J., and Ward, J., concurred.