#24348-a-JKM

**2007 SD 108**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

LEONARD NOVAK,
Personal Representative of
the Estate of LILLIAN NOVAK,                    Plaintiff and Appellant,

v.

EDWARD S. NOVAK,                                Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
BENNETT COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE ROBERT A. MILLER
Justice (Retired) sitting as a circuit court judge

\* \* \* \*

GEORGE J. NELSON of
Abourezk Law Firm, P.C.                         Attorneys for plaintiff
Rapid City, South Dakota                        and appellant.

KENNETH R. DEWELL of
Johnson Eiesland Law Offices, P.C.              Attorneys for defendant
Rapid City, South Dakota                        and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 27, 2007

OPINION FILED **10/24/07**

#24348

MEIERHENRY, Justice

[¶1.]          As personal representative of the estate of his mother, Lillian Novak
(Lillian), Leonard Novak (Leonard) sought a declaratory judgment to determine
title to 640 acres of real property.  The property was transferred to his brother,
Edward Novak (Edward), in 1989 pursuant to their father's, Ernest Novak's
(Ernest), will.  The transfer was conditioned on Edward satisfying three conditions
subsequent.  Leonard claimed the conditions were not met and sought to have
Edward divested of title.  He claimed that if Edward were divested of title, the land
would pass by intestacy to Lillian's estate and through Lillian's will to Leonard and
Edward, equally.

[¶2.]          Leonard and Edward filed cross motions for summary judgment, and
Edward moved for attorney fees and costs arising from Leonard's denials and
withdrawn admissions during pre-trial discovery.  The circuit court granted
summary judgment and attorney fees in favor of Edward.  Leonard appeals,
alleging that genuine issues of material fact remained as to whether Edward
fulfilled the conditions of Ernest's will.  We affirm.

## FACTS

[¶3.]          On November 22, 1987, Ernest J. Novak died testate.  Ernest's will,
executed on July 15, 1983, devised all personal and real property to his wife Lillian
and his sons, Leonard and Edward.  Ernest specifically devised 640 acres of real
property to his son Edward subject to three conditions subsequent.  The three
conditions were:  (1) that Edward pay $2,000.00 to Leonard and each member of
Leonard's family; (2) that Lillian retain the option of living in the family residence

-1-

on the property during her lifetime; and (3) that Edward make annual payments to Lillian of $2,000.00 during her lifetime. Ernest's will also contained an alternative provision if Edward failed to make the payments. Under the alternative provision, Lillian was to receive a life estate in the 640 acres. After her death, the property would pass to Edward "on the same condition" imposed by the will, which required Edward to pay Leonard and each of his family members $2,000.

[¶4.] Ernest's will was probated. In the final accounting, the court determined Edward had fulfilled the first two conditions. The court specifically found: (1) that Edward made a $2,000 payment to Leonard and each member of his family for a total of $16,000.00; and (2) that Lillian had validly waived her option to live in the family residence by executing a quitclaim deed in which she transferred all her interests in the residence to Edward.

[¶5.] As to the third condition, the court found that Edward was still obligated to make annual payments of $2,000.00 to Lillian during her lifetime. About one year after Ernest's death, Lillian executed a will that gave all of her property to Leonard if Ernest's will was successfully probated. Her will provided an alternative provision if Edward had not met the conditions of Ernest's will. Under the alternative provision, all of the property, including the 640 acres, would pass to Edward and Leonard equally.

[¶6.] As part of the probate of Lillian's will, Leonard claimed that Edward had not satisfied the conditions of Ernest's will. Leonard alleged that Edward (1) failed to make all of the annual payments to Lillian between 1989 and her death in 2002, and that Lillian had not validly released her option to live in the family

residence. Leonard asserted that, because the two conditions were not met, Edward could only have retained title by making a second payment of $16,000.00 ($2,000 to Leonard and each family member) within eighteen months of Lillian's death. Leonard further claimed that Edward's failure to make a second payment divested Edward of title. Leonard claimed that title should have passed by intestacy to Lillian's estate.

[¶7.]       The circuit court granted summary judgment to Edward and granted attorney fees. The court determined that: (1) all payments to Leonard and his family were paid in full; (2) all payments to Lillian were either paid in full or waived by her before her death; and (3) title to the 640 acres of real property was discharged of any interest by Lillian, her estate, or Leonard. Leonard appeals the summary judgment and the order for assessment of attorney fees and raises the following issues:

## ISSUES

(1)    Whether the circuit court erred in granting summary judgment to Edward.

(2)    Whether the circuit court erred in granting Edward's motion for attorney's fees.

## STANDARD OF REVIEW

[¶8.]       "When reviewing a grant of summary judgment, 'we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law.'" Kling v. Stern, 2007 SD 51, ¶5, 733 NW2d 615, 617. "All facts and favorable inferences from those facts must be viewed in a light most favorable to the

nonmoving party." Hendrix v. Schulte, 2007 SD 73, ¶6, 736 NW2d 845, 847. However, the nonmoving party must "present more than [u]nsupported conclusions and speculative statements, [which] do not raise a genuine issue of fact." Burley v. Kytec Innovative Sports Equipment, Inc., 2007 SD 82, ¶34, 737 NW2d 397, 408 (quoting Paradigm Hotel Mortg. Fund v. Sioux Falls Hotel Co., Inc., 511 NW2d 567, 569 (SD 1994)). Once we determine that the "material facts [are] undisputed, our review is limited to determining" whether the law was correctly applied. Schulte v. Progressive Northern Ins., Co., 2005 SD 75, ¶5, 699 NW2d 437, 438. "If any legal basis exists to support the circuit court's ruling, we affirm." Johns v. Black Hills Power, Inc., 2006 SD 85, ¶4, 722 NW2d 554, 556.

[¶9.] When reviewing a circuit court's allowance or denial of attorney fees under SDCL 15-6-37, we use an abuse of discretion standard. Pearson v. O'Neal-Letcher, 2007 SD 92, ¶ 10, 738 NW2d 914. The determination of entitlement to expenses is within the sound discretion of the trial court. *Id.*

## ANALYSIS

### 1. Whether the circuit court erred in granting summary judgment to Edward.

[¶10.] Leonard argues that the circuit court erred when it granted Edward's motion for summary judgment. Specifically, Leonard asserts that the evidence, viewed in the light most favorable to the non-moving party, was insufficient to establish that Edward satisfied the conditions of Ernest's will. Leonard does not dispute that Edward satisfied the first condition by paying $2,000 to Leonard and his family members (a total of $16,000). Leonard disputes, however, that Edward met the second condition because he did not allow Lillian to make her home in the

family residence during her lifetime, and disputes that Edward met the third condition because he did not make all of the annual payments to Lillian.

[¶11.] By raising issues over whether Edward satisfied the conditions of Ernest's will, Leonard is attempting to relitigate matters previously adjudicated when Ernest's will was probated. In that final probate order, the circuit court found that Edward had paid Leonard and his family the one-time payments as required by the first condition and that Lillian validly released her option to use the family residence both orally and in writing. Thus, Leonard's argument that Lillian's waiver was invalid is without merit since the circuit court's determination in the probate of Ernest's estate is conclusive. Bollinger v. Eldredge, 524 NW2d 118, 122 (SD 1994) (discussing the conclusiveness of probate proceedings when the findings are not attacked on direct appeal). Consequently, the prior determination that Lillian validly released her option to use the family residence precludes relitigation. The circuit court in this case appropriately rejected Leonard's attempt to collaterally attack the issue in the summary judgment proceeding. We turn then to the third condition and the alternative devise provision of Ernest's will.

[¶12.] Our goal "in interpreting a will is to discern the testator's intent. If the intent is clear from the language used, that intent controls." Estate of Klauzer, 2000 SD 7, ¶9, 604 NW2d 474, 477 (citing *In re* Estate of Nelson, 250 NW2d 286, 288 (SD 1977)). The language of Ernest's will clearly expressed his intent that Edward receive the property and provided an alternative in the event that Edward initially failed to meet the conditions subsequent. The will's alternative devise provided:

> The circumstances being as they are, it is my positive intention and purpose that my son, Edward, receive my real estate and make the payments that I have herein provided for; and I hereby direct as to timeliness of payment and other matters this Will be liberally construed to accomplish my herein stated purpose.
>
> In the event my son, Edward S. Novak, should fail to make the payments herein provided for, it is my wish and I hereby direct that the provision under which he is to receive the real estate is to fail and become inoperative, and upon such happening my wife, Lillian, is to become vested with a life estate in and to such real estate . . . Upon her death and the termination of the herein created life estate, I give, devise, and bequeath the remainder interest in and to such real estate to my son, Edward S. Novak, on the *same condition hereinbefore imposed*, namely:
>
> That he is to pay to my son, Leonard Novak, Leonard's wife, Martha Novak, and each of Leonard and Martha's six children . . . the sum of $2,000 each (emphasis added).

[¶13.] The plain language of the alternative devise gave Lillian a life estate if Edward failed to make the payments required by the initial conditions. Ultimately upon Lillian's death, the property would transfer to Edward under the same condition of paying Leonard and his family members $2,000.00 each. Thus, had Edward not made payments to Leonard and his family members nor to Lillian, Lillian would have had a life estate until her death. At that point, Edward would have received the 640 acres subject to making the one-time payments to Leonard and his family members. Since Edward had previously made those payments, title passed to Edward as part of the probate of Ernest's will. There, the court clearly rejected the notion that the property reverted to Lillian as a life estate. The only outstanding commitments for Edward were the annual payments to Lillian.

[¶14.] Edward's right to the property did not hinge on making all of the payments to Lillian. Under the provisions of Ernest's will, even if Edward made no payments prior to Lillian's death, Edward still was to receive the property if he made the "one-time" payments to Leonard and his family members. Edward could make the payments either within eighteen months of Ernest's death or within eighteen months of Lillian's death. It is undisputed that Edward had previously made the "one-time" payments within eighteen months of Ernest's death.

[¶15.] Even though there appears to be a dispute about whether Edward made all of the payments to Lillian, that fact was not a material fact. In reviewing a summary judgment we must determine whether the moving party demonstrated the absence of a "genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law." Kling v. Stern, 2007 SD 51, ¶5, 733 NW2d 615, 617. Leonard's argument presupposes that failure to pay Lillian was material to whether Edward owed Leonard and his family another $16,000 in payments or was divested of the property entirely. Leonard's supposition is misplaced in light of the language of Ernest's will. Ernest's will clearly provided that Edward was to receive the property by making the one-time payments to Leonard and his family. Edward made the payments after Ernest's death and received the property. Thus, whether Edward made all of the payments to Lillian was not a genuine issue of material fact as to whether Edward should retain title to the property. The circuit court did not err in granting summary judgment to Edward.

## 2. Whether the circuit court abused its discretion when it awarded Edward's motion for attorney's fees.

[¶16.]    Leonard contests the award of attorney fees to Edward. The circuit court determined that Leonard's failure to admit to the requested matters during pre-trial discovery was indefensible under SDCL 15-6-37(c) and caused Edward to incur additional, unnecessary expenses in providing proof. The award of attorney fees is authorized by SDCL 15-6-37(a)(4), (c)(2). The statute provides that a court shall order payment of reasonable attorney fees and other expenses incurred if a party fails to admit the "truth of any matter as requested under SDCL 15-6-36," and if the requesting party "proves the genuineness of the document or the truth of the matter." SDCL 15-6-37(c)(2). The statute provides as follows:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under § 15-6-36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorneys' fees. The court shall make the order unless it finds that:
> (A) The request was objectionable pursuant to § 15-6-36(a); or
> (B) The admission sought was of no substantial importance; or
> (C) The party failing to admit had reasonable ground to believe that the party might prevail on the matter; or
> (D) There was other good reason for the failure to admit.

*Id.*

Attorney fees are mandatory for failure to admit facts later proven by the moving party unless a statutory exception is met. *See* Stull v. Sparrow, 92 CalApp4th 860, 864-66 (Explaining that expenses and fees are mandatory under rule 37(c) because the purpose is to expedite trial by encouraging admissions where warranted and to reimburse the costs of proof, not to penalize). Whether an award is warranted is

left to the sound discretion of the circuit court, which has "broad discretion with regard to sanctions imposed [.]" *Id.*

[¶17.] The record demonstrates that Leonard denied fifty-seven of Edward's requests for admissions of fact. Edward proved all fifty-seven facts. Leonard denied that Edward made a number of payments to Lillian. As part of his request for admissions, Edward attached true and correct copies of his checks to Lillian. Leonard denied that the copies of the checks attached to the requests were true and correct copies. He also claimed that the endorsements on the checks did not appear to be Lillian's even though the bank records showed that the checks had been deposited into Lillian's account.

[¶18.] Leonard argues that his denials met the exceptions to SDCL 15-6-37(c) generally because: (1) some admissions requested were objectionable; (2) many admissions requested were of "no substantial importance;" (3) he would ultimately prevail on the issues; and (4) other good reasons existed, such as inability to determine the truth of the matter asserted. He makes those same general arguments in his brief on appeal. A review of the record reveals scant support for his failure to admit.

[¶19.] Leonard further asserts that sanctions under SDCL 15-6-37(c) do not apply to summary judgment proceedings since there was no trial in which the requesting party had to prove the truth of the matter requested. A plain reading of SDCL 15-6-37 indicates that no trial is required. Further, we have stated that discovery sanctions pursuant to SDCL 15-6-37 "are reviewable on appeal from a final judgment." Aberle v. Ringhausen, 494 NW2d 179, 182 (SD 1992). A grant of

summary judgment on all issues is a final determination of the rights of the parties involved and is a final judgment pursuant to SDCL 15-6-54(a).

[¶20.] Leonard has failed to show that the court abused its discretion in awarding attorney fees pursuant to SDCL 15-6-37(c) after granting summary judgment on all issues.

[¶21.] Affirmed.

[¶22.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.