Filed 12/8/15  North County Communications v. Vaya Telecom CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| NORTH COUNTY COMMUNICATIONS CORPORATION,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>VAYA TELECOM, INC.,<br><br>    Defendant and Respondent. | D066629<br><br><br>(Super. Ct. No. 37-2011-00083845-CU-BC-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Affirmed.

Law Offices of Dale Dixon and R. Dale Dixon, Jr. for Plaintiff and Appellant.

iCommLaw and Anita C. Taff-Rice for Defendant and Respondent.

## I.

## INTRODUCTION

North County Communications Corporation (North County)[1] filed this lawsuit against Vaya Telecom, Inc. (Vaya) to recover compensation for certain telephone call termination services[2] that North County contended it had provided to Vaya. North County allegedly provided the services to Vaya in connection with calls made by Vaya's customers to North County's affiliates HFT and Jartel.[3] While the litigation was pending, Vaya attempted to obtain discovery necessary to prove its defense that North County, HFT, and Jartel engaged in a practice referred to in the industry as "access stimulation" or "traffic pumping." According to Vaya, "access stimulation" or "traffic pumping" occurs where "a carrier enters into an agreement with a provider of high call volume operations such as chat lines, adult entertainment calls and conference calling companies, which offer free services designed to artificially stimulate inbound traffic to the traffic pumping carrier." Vaya contended that North County and its affiliates engaged in "traffic pumping" that resulted in Vaya purportedly owing North County greater amounts than it otherwise would have owed for call termination services.

---

[1]     North County stated in its brief that it recently amended its complaint to reflect its proper corporate name, North County Communications Corporation of California.

[2]     According to Vaya, "carriers serving the calling parties pay the carriers serving the called party to complete the call or 'terminate' the traffic."

[3]     The complaint is not in the record. We therefore base our description of the underlying lawsuit on the trial court's order that is the subject of North County's appeal.

A discovery referee and the trial court issued several orders determining that records related to the business and financial relationships among North County, HFT and Jartel were discoverable. North County refused to comply with these orders. Eventually, the trial court entered an order imposing monetary sanctions in the amount of $74,653 and costs in the amount of $18,313.45 on North County and its president, Todd Lesser, "due to their repeated willful misuse of the discovery process which has prevented Vaya from discovering facts essential to defend itself against [North County's] claims for compensation." The trial court also imposed an issue sanction against North County establishing that "[North County] has for 100 percent of the traffic at issue in this case, and for all periods at issue, . . . engaged in access stimulation ('traffic pumping') . . . ."

North County appeals the monetary sanction order. North County contends that monetary sanctions are improper because Vaya did not need the discovery. Specifically, North County notes that because North County elected not to carry its burden to prove that it was not engaged in access stimulation and was also precluded from doing so by the imposition of an issue sanction, Vaya was not required to prove the defense of access stimulation. As a result, North County maintains the monetary sanctions were improper. North County also maintains that the monetary sanctions were impermissibly punitive and that the amount of sanctions is not reasonable. We conclude that North County's claims are entirely without merit and that the trial court acted well within its discretion in imposing monetary sanctions in the amount of $92,966.45 due to North County's

3

recalcitrant refusal to comply with its discovery obligations.[4]

II.

FACTUAL AND PROCEDURAL BACKGROUND

North County filed the underlying action against Vaya in January 2011. Although the complaint is not in the record, it is undisputed that North County sought to recover payment for call termination services that it allegedly provided to Vaya.

During the discovery portion of the litigation, Vaya sought to obtain evidence that North County engaged in access stimulation with HFT and Jartel. According to the trial court, such evidence could have application with respect to various issues in the case, including potentially "defeat[ing] [North County's] claim entirely." Vaya's efforts to obtain such discovery were largely thwarted by North County and Lesser's repeated misuse of the discovery process, which included repeated failures to comply with discovery orders issued by both a discovery referee and the trial court.[5]

In May 2014, Vaya filed a motion for sanctions with the discovery referee against North County and Lesser. Vaya outlined numerous discovery abuses in its motion, including that North County had failed to comply with the trial court's April 14, 2014

---

[4]     Although the trial court's order imposed the monetary sanction jointly against both North County and Lesser, Lesser did not file a notice of appeal. North County's notice of appeal states that it is appealing the "July 15, 2014 Order Imposing Monetary Sanctions on North County Communications Corporation." However, in its brief on appeal, North County seeks reversal of the order as to both North County *and Lesser*. In light of our affirmance of the order, we need not consider whether a reversal of the sanction against North County would have affected the sanction order as to Lesser.

[5]     In June 2013, the trial court directed the parties to resolve discovery disputes through a discovery referee.

4

order compelling production of various accounting records detailing the financial relationships between North County, and HFT and Jartel. Vaya requested that the court impose terminating sanctions against North County and monetary sanctions against North County and Lesser in the amount of $127,842.21, consisting of $109,528.76 in attorney fees and $18,313.45 in costs. Vaya supported its motion with declarations from its counsel outlining the attorney fees that Vaya had incurred in connection with its attempt to obtain relevant discovery as well as copies of relevant discovery pleadings and court orders. Among those documents were North County's responses to Vaya's interrogatories in which North County stated, "No documents show revenue sharing because there is no revenue sharing."

In response, North County provided the discovery referee with copies of a March 2014 motion that it had filed with the trial court seeking a stay of further production of documents.[6] In this motion, North County contended that it was unreasonable to require it to produce records pertaining to revenue sharing between North County and HFT, arguing:

> "Vaya wants to prove revenue sharing between Mr. Lesser, [North County], and the free calling service company, HFT. The very fact that Mr. Lesser is the sole shareholder of [North County] and HFT means that all revenues are for the benefit of Mr. Lesser."

As an alternative to requiring the production of discovery related to access stimulation, North County contended that the court could "simply find that [North

---

6      On April 14, 2014, the trial court denied the motion for the stay, ruling that "document production" was a discovery matter to be resolved by the discovery referee.

5

County] has not met its burden of disproving revenue sharing and, subsequently, that it has engaged in access stimulation."

Vaya filed a proposed order granting monetary and terminating sanctions that outlined North County's repeated failures to comply with discovery orders. In its proposed order, Vaya also stated that North County's recent admission that it engaged in revenue sharing with HFT and Jartel was contrary to North County's previous discovery responses and that North County made the admission only after being "faced with the obligation to produce relevant records."

The discovery referee held a hearing on the motion for sanctions. After the hearing, the referee issued a report recommending monetary sanctions in the amount of $92,966.45, consisting of $74,653 in attorney fees and $18,313.45 in costs. The referee also recommended that the trial court deny the request for terminating sanctions, but impose an issue sanction establishing that North County had engaged in access stimulation with respect to 100 percent of the call traffic at issue in the case.

In support of its order, the referee noted that both it and the trial court had issued numerous orders directing North County to provide various types of discovery, and that North County had repeatedly failed to comply with such orders. For example, the referee noted that on April 14, 2014, the trial court adopted the referee's ruling compelling North County, HFT and Jartel to produce all of the following financial records:

> "[D]ocuments from 2009 to the present that reflect, refer or relate to any payments or financial transfers to, from, by or between [North County], HFT and Jartel that occurred during that period per prior . . . Order of Court dated 12/30/2013. . . . "

6

The referee also stated that, on April 14, the trial court ordered North County:

> "to produce a 'General Ledger Detail Report' as well as a complete 'QBB File' without deletions from all QuickBooks systems which contain financial dat[a] of [North County], HFT, Inc. and or Jartel, however they are maintained and regardless if they also contain other accounting data from Mr. Lesser or any other entities. This produced data shall be from January 1, 2009 to present, however, if it is not possible to limit those productions by the date then the entire data will be produced without time limitation."

The referee found that North County had failed to comply with these orders.

North County filed an objection to the referee's recommendation, Vaya filed a response to North County's objection, and the trial court held a hearing at which the parties were given the opportunity to address the referee's recommended sanctions.[7]

On July 15, 2014, the trial court issued an order adopting the referee's recommendation to impose issue and monetary sanctions, without modification. North County appeals the July 15 order.[8]

## III.

## DISCUSSION

*The trial court did not abuse its discretion in imposing monetary sanctions in the amount of $92,966.45*

North County claims that the trial court erred in imposing monetary sanctions in the amount of $92,966.45.

---

[7] We grant Vaya's unopposed request to augment the record with the reporter's transcript of the hearing in the trial court.

[8] The order is appealable. (See Code Civ. Proc., § 904.1, subd. (a)(12) [making appealable "an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)"].)

A.      *Governing law and standard of review*

Code of Civil Procedure section 2023.010[9] outlines several misuses of the discovery process, including "[d]isobeying a court order to provide discovery," (§ 2023.010, subd. (g)) and "[m]aking or opposing, unsuccessfully and without substantial justification, a motion to compel or to limit discovery."  (*Id.*, subd. (h).)

Section 2023.030 authorizes a trial court to impose sanctions, including monetary sanctions, for the misuse of the discovery process.  Section 2023.030 provides in relevant part:

> "To the extent authorized by the chapter governing any particular discovery method or any other provision of this title, the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose the following sanctions against anyone engaging in conduct that is a misuse of the discovery process:
>
> "(a) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct.  The court may also impose this sanction on one unsuccessfully asserting that another has engaged in the misuse of the discovery process, or on any attorney who advised that assertion, or on both.  If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

" ' "[T]he purpose of discovery sanctions 'is not "to provide a weapon for punishment, forfeiture and the avoidance of a trial on the merits," ' . . . but to prevent

---

9      Further statutory references are to the Code of Civil Procedure unless otherwise noted.

8

abuse of the discovery process and correct the problem presented . . . ." ' [Citation.] Monetary sanctions encourage 'voluntary compliance with discovery procedures by assessing the costs of compelling compliance against the defaulting party.' " (*Pratt v. Union Pacific Railroad Co.* (2008) 168 Cal.App.4th 165, 183 (*Pratt*).)

"When imposing discovery sanctions, the trial court has broad discretion [citation] and its order will not be reversed on appeal in the absence of a manifest abuse of discretion that exceeds the bounds of reason, resolving all evidentiary conflicts in favor of its ruling." (*Pratt*, *supra*, 168 Cal.App.4th at p. 183.)

B.      *Application*

North County raises three arguments in support of its contention that the trial court erred in imposing monetary sanctions against it. We consider each argument in turn.

First, North County contends that the imposition of monetary sanctions was improper and amounted to "double punishment" because it elected not to carry its burden of proving that it had not engaged in access stimulation, and the trial court also imposed an issue sanction establishing that the call traffic at issue in this case resulted from access stimulation.

While North County contends that it "made a strategic business decision not to meet its burden" of proving that it had not engaged in access stimulation, it did so only after repeatedly failing to comply with discovery orders compelling it to provide discovery relevant to this issue. The monetary sanction was imposed in order to compensate Vaya for the expenses that it incurred in attempting to obtain discovery to which it was entitled. (See *Pratt*, *supra,* 168 Cal.App.4th at p. 183 ["Monetary sanctions

9

encourage 'voluntary compliance with discovery procedures by assessing the costs of compelling compliance against the defaulting party.' "].) The trial court's imposition of an issue sanction did not compensate Vaya for such expenses, but rather, relieved Vaya of having to obtain the evidence necessary to establish a defense that it sought to establish at trial. The court's imposition of a monetary sanction in addition to an issue sanction thus does not amount to double punishment.[10]

North County also claims that the trial court's imposition of sanctions constitutes improper punishment. In support of this contention, North County argues that "[d]espite ruling that Vaya's initial [discovery] requests were drafted in an overly broad manner, the Discovery Referee and the Superior Court awarded monetary sanctions where they previously refused to provide Vaya with sanctions." The trial court's order imposing sanctions extensively and precisely details the discovery abuses for which it was sanctioning North County, including North County's failure to respond to requests for certain documents, its failure to produce requested documents at Lesser's deposition, and HFT and Jartel's failure to respond to Vaya's nonparty subpoenas.[11] Even assuming that *some* of Vaya's initial discovery requests were overly broad, the trial court's order

[10] North County also asserts that "the existence of access stimulation is irrelevant for evaluating termination rates for *non-interstate* toll traffic," and contends that it has "consistently argued against discovery concerning *non-interstate* traffic issues." (Italics added.) However, North County presents no intelligible argument concerning the significance of such assertions and they therefore provide no basis for reversing the sanction order.

[11] It is undisputed that Lesser is the sole shareholder of North County, and in its order, the trial court noted that HFT and Jartel are "affiliates of [North County] that are also wholly owned by Mr. Todd Lesser."

10

outlined numerous legitimate bases for the imposition of sanctions. North County has not established that the sanctions amounted to improper punishment.[12]

Finally, North County argues that the amount of sanctions is not reasonable. Vaya supported its motion for sanctions with "detailed evidence of substantial costs and attorney's fees incurred by Vaya" related to North County's discovery abuses. Further, the trial court declined to award Vaya the full amount of attorney fees that it sought, awarding it $34,875.76 less than the $109,528.76 in fees that Vaya requested in its motion.

North County has not demonstrated that any portion of the fee award was unreasonable. North County contends that "despite the fact that the initial [discovery] hearing and related filings addressed many issues raised by both sides, the Order provided Vaya with $27,665 in fees and $2,682.89 in costs for matters related to that hearing," and that it is "fundamentally unfair for Vaya to recover *all* of its fees and costs related to that discovery hearing." (Italics added.) This argument fails for a number of reasons. First, as North County acknowledges in its brief, the trial court's order does not "allocate [the awarded] fees and costs to any particular motions or hearings." North County is thus incorrect in asserting that the court awarded Vaya $27,665 in fees and

---

12     North County also contends that sanctions based on North County's denials of requests for admissions were inappropriate under *Stull v. Sparrow* (2001) 92 Cal.App.4th 860 (*Stull*). *Stull* involved a question of whether sanctions were appropriate under former section 2033, subdivision (o) (current § 2033.420), which authorizes sanctions in instances in which a party denied a request for an admission "if the party requesting that admission thereafter proves the genuineness of that document or the truth of that matter . . . ." (*Stull*, *supra*, at p. 862, fn. 2.) *Stull* is inapposite because the trial court did not impose any sanctions pursuant to section 2033.420.

11

$2,682.89 in costs related to the initial discovery hearing. Second, Vaya did not seek *all* of its fees and costs related to the initial discovery hearing, but rather, sought fees related to its request for production of documents that North County failed to produce. Third, while Vaya sought $27,665 in fees related to its attempt to discover these documents, the request was not limited to the initial hearing, but also included time billed related to the ensuing motions to compel related to that request.

North County also contends that the "Order . . . provides Vaya with $40,280.26 in attorneys' fees and $9,900.85 in costs for Vaya's two-day deposition of Mr. Lesser," an amount that North County characterizes as "outrageous." This argument fails because the trial court made detailed findings in its April 14, 2014 order concerning Lesser's "non-responsive" deposition testimony and North County fails to demonstrate that these findings are without basis.[13]

Finally, North County maintains that the trial court erred in awarding sanctions related to Vaya's third party subpoenas to HFT and Jartel and various discovery hearings because North County filed oppositions that resulted in modifications of Vaya's discovery requests. North County fails to establish that the modifications that it obtained were of any significance or that the modifications establish that the trial court abused its discretion in awarding monetary sanctions against North County in light of its repeated failure to comply with its discovery obligations.

---

[13]   The deposition is not in the record. North County's argument also fails because, as stated in the text, the trial court did not allocate its fee and cost award to specific hearings, motions, or depositions.

IV.

DISPOSITION

The July 15, 2014 order is affirmed.  Vaya is entitled to costs on appeal.


AARON, J.

WE CONCUR:

McINTYRE, Acting P. J.

O'ROURKE, J.