SEVERSON, Justice
(dissenting).
[¶ 18.] I respectfully dissent. “Our goal ‘in interpreting a will is to discern the testator’s intent.’ ” Novak v. Novak, 2007 S.D. 108, ¶ 12, 741 N.W.2d 222, 226 (quoting In re Estate of Klauzer, 2000 S.D. 7, ¶ 9, 604 N.W.2d 474, 477). “If intent is clear from the language used, that intent controls.” In re Estate of Roehr, 2001 S.D. 85, ¶ 9, 631 N.W.2d 600, 603 (quoting Estate of Klauzer, 2000 S.D. 7, ¶ 9, 604 N.W.2d at 477) (internal quotation marks omitted). However, “[i]f doubt exists as to the testator’s intent, ‘the language used and the circumstances surrounding the execution of the writing will ... be examined in light of pertinent rules of construction.’ ” In re Estate of Seefeldt, 2006 S.D. 74, ¶ 8, 720 N.W.2d 647, 649 (quoting In re Estate of Brownlee, 2002 S.D. 142, ¶ 16, 654 N.W.2d 206, 210). In this case, the majority opinion concludes that we need not consider extrinsic evidence because “[t]he only reasonable interpretation of James’s will is that James intended to give Sandra a life estate in his real and personal property with James’s three daughters as remaindermen.” Majority Opinion, supra ¶ 13. I disagree.
[¶ 19.] James’s will states, “I James W. Kesling do hereby mil all my personal property and personal Belongings to Sandra L. Kesling of Mobridge who is my wife. This Includes my Land in Dewey, Corson and Walworth Counties. I Also *713 will my Contract For Deed with Faron Schweitzer, Coffy Enright, and Richard Enright.” (Emphasis added.) By using the term “will,” James clearly directed his property to pass to his wife. However, the language James used in the following sentence of his will was less definite: “It is my wish That my Estate be Administrated my By my daughters and and [sic] upon Sandra L. Kesling[’s] death the Estate shall be divided Equally between my 3 daughters.... ” (Emphasis added.) If this sentence is read in conjunction with the remaining provisions of the will, it is unclear whether James intended “to control the disposition of his property,” or whether he was “simply indicating what he regarded] as a wise disposition.” In re Estate of Nelson, 274 N.W.2d 584, 587 (S.D.1978) (citation omitted).
[¶20.] We have recognized, “It is not necessary that technical words be used to make a disposition of property.” Estate of Nelson, 274 N.W.2d at 587. But we have noted that “an instrument which is merely precatory, i.e., it advises or recommends a disposition but leaves the actual disposition of the property within the discretion of another, is not testamentary in character.” Id. “Whether words in a will are to be construed as mandatory or as merely prec-atory is not always solely determinable by the nature of the words themselves.... ” Id. at 588 (citation omitted). The meaning of such words “must be determined from the manner in which such words are used in connection with other phraseology of the will.” In re Walsh’s Estate, 59 S.D. 277, 239 N.W. 240, 241 (1931) (citation omitted). See Estate of Nelson, 274 N.W.2d at 588 (noting that, to determine the meaning of a will, this Court “will look to the expressed intention of the testator, as found from the context of the will”).
[¶ 21.] After reading James’s will in its entirety, one could reasonably conclude, as the majority opinion does, that James intended to grant his wife a life estate in his real and personal property, with James’s three daughters as remaindermen. But one could also reasonably conclude that James intended to grant his wife a fee simple interest in his property. Although James expressed a “wish” that his estate would be divided equally between his three daughters upon his wife’s death, one could reasonably conclude that James intended this to be a recommendation to his wife regarding the future disposition of his property, not a binding command.
[¶ 22.] In determining whether testamentary language is ambiguous, we have stated: “Language is ambiguous when it is reasonably capable of being understood in more than one sense.” In re Estate of letter, 1997 S.D. 125, ¶ 20, 570 N.W.2d 26, 30-31 (quoting In re Estate of Olson, 332 N.W.2d 711, 713 (S.D.1983)). “Where a will is ambiguous on its face, ... extrinsic evidence is admissible to establish the intent of the testator.” Id. ¶ 27 (citing In re Estate of Nelson, 250 N.W.2d 286, 288 (S.D.1977); In re Estate of King, 278 N.W.2d 171, 173 (S.D.1979)). Here, James’s will is reasonably capable of being interpreted in more than one sense. The circuit court thus erred in refusing to consider extrinsic evidence of the testator’s intent. For this reason, I respectfully dissent.
[¶ 23.] WILBUR, Justice, joins this dissent.