[No. B140195. Second Dist., Div. One. July 3, 2001.]

HENRY BARNETT, Plaintiff and Appellant, v.
PENSKE TRUCK LEASING CO., L.P., et al., Defendants and
Respondents.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and IV.

**COUNSEL**

Law Offices of A. Jay Norton and A. Jay Norton for Plaintiff and Appellant.

Ford, Walker, Haggerty & Behar and Maxine J. Lebowitz for Defendants and Respondents.

**OPINION**

**NOTT, J.**—This appeal presents the question whether sanctions pursuant to section 2033, subdivision (*o*) of the Code of Civil Procedure are available to a party that prevails upon summary judgment. We conclude that they are.

Henry Barnett appeals from a postjudgment order pursuant to section 2033, subdivision (*o*) of the Code of Civil Procedure,[1] directing him to pay reasonable expenses incurred by defendant Penske Truck Leasing Co., L.P. (Penske), in the amount of $5,362.83. Appellant contends that a section 2033, subdivision (*o*) award may not be made following proof made in the context of a motion for summary judgment; that Penske did not prove the facts in issue; and that the trial court abused its discretion in awarding expenses. We affirm.

This action arises from an industrial accident in which appellant suffered personal injury.[2] At the time of the accident, appellant was making a milk delivery, operating a milk truck subleased to his employer, Santee Dairies, from Penske. Appellant was struck on the head by one or more milk crates which fell from the truck.

The complaint alleged both negligence and products liability counts against Penske. It alleged that the side lift gate had malfunctioned, causing the accident. During discovery, Penske submitted requests that appellant admit that there was no defect in the lift gate and that Penske did not cause the accident or appellant's injuries. Appellant denied the requests for admissions. Appellant stated in deposition testimony that as he was pulling the product onto the lift gate, the lift gate collapsed.

Penske moved for summary judgment. It presented expert testimony that, contrary to appellant's deposition testimony, the lift gate could not have collapsed, causing the accident. The expert stated that had a leak of hydraulic fluid caused the lift gate to collapse, the lift would not have functioned until the leak was fixed. In fact, appellant's coemployees testified in declarations that the lift gate functioned properly after the accident.

In response, appellant acknowledged that the accident probably did not happen as he had described it. He introduced testimony, however, that at the time of the accident the lift platform was a quarter to half an inch higher than the bed of the truck while in the up position and a repair order that reflects that on the date of the injury someone complained to Penske that the lift "leaned."

The trial court granted summary judgment to Penske. The court stated: "Plaintiff is at this late hour changing the theory of his case without any

---

[1] All statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[2] The factual statement is based upon our unpublished opinion, filed February 15, 2001, affirming the summary judgment. (*Barnett v. Penske Truck Leasing Co.* (Feb. 15, 2001, B138392).) We hereby take judicial notice of that opinion. Appellant included only documents related to the postjudgment order in his record on appeal.

facts in support thereof. There is no evidence that any discrepancy between the lift gate and the truck bed, assuming there was such a discrepancy at the time of the accident, caused the Plaintiff's injuries. Plaintiff cannot 'float' a new theory, without any evidence whatsoever, and defeat summary judgment because Defendant has not disproved the new theory."

Penske moved for expenses, including attorney fees, for appellant's failure to admit facts contained in Penske's requests for admissions pursuant to section 2033, subdivision (*o*). Penske stated in declaration testimony that it incurred $1,362.83 in expert witness fees and $6,874 in attorney fees in connection with preparation and arguing the summary judgment motion. The trial court awarded $5,362.83. This appeal followed.

## DISCUSSION

### I.  *Standard of Review*

Whether reasonable expenses incurred are recoverable pursuant to section 2033, subdivision (*o*), following entry of summary judgment is a question of law reviewed de novo on appeal. (See *Crocker National Bank v. City and County of San Francisco* (1989) 49 Cal.3d 881, 888 [264 Cal.Rptr. 139, 782 P.2d 278].) Whether the award of expenses was warranted in this case is reviewed for abuse of discretion. (*Wimberly v. Derby Cycle Corp.* (1997) 56 Cal.App.4th 618, 637, fn. 10 [65 Cal.Rptr.2d 532].)

### II.  *Availability of Costs of Proof Following Summary Judgment*

Subdivision (*o*) of section 2033 provides: "If a party fails to admit the genuineness of any document or the truth of any matter when requested to do so under this section, and if the party requesting that admission thereafter proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make this order unless it finds that (1) an objection to the request was sustained or a response to it was waived under subdivision (*l*), (2) the admission sought was of no substantial importance, (3) the party failing to make the admission had reasonable ground to believe that that party would prevail on the matter, or (4) there was other good reason for the failure to admit."

Subdivision (*o*) of section 2033 does not on its face require that an issue be proved at trial, although it does require that the party requesting the

admission have proved the issue. Expenses of making the proof are recoverable. " 'Proof' is the establishment by evidence of a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." (Evid. Code, § 190.) Under that definition, a party who successfully moves for summary judgment proves the facts in issue by submitting papers that "show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).)

■ Appellant relies upon *Wagy v. Brown* (1994) 24 Cal.App.4th 1 [29 Cal.Rptr.2d 48] and *Garcia v. Hyster Co.* (1994) 28 Cal.App.4th 724 [34 Cal.Rptr.2d 283] to support his position that sanctions may be awarded only after trial. Those cases do not advance his position. In *Wagy v. Brown*, the defendants denied liability. The case went to judicial arbitration where the defendants admitted, for purposes of the arbitration only, that they were negligent. The arbitrator awarded damages to the plaintiff and ordered each side to bear its own costs. The award was entered as a judgment. The plaintiff then moved to recover attorney fees reasonably incurred in preparing to prove negligence at the arbitration hearing. The court held that preparation for trial or arbitration is not the equivalent of proving the truth of a matter so as to authorize an award of attorney fees under section 2033, subdivision (*o*). (*Wagy v. Brown, supra*, 24 Cal.App.4th at p. 6.)

In *Garcia v. Hyster Co., supra*, 28 Cal.App.4th 724, the case went to trial, and nonsuit was granted against a workers' compensation insurer and in favor of a manufacturer charged with a design defect. The trial court awarded attorney fees pursuant to section 2033, subdivision (*o*) in favor of the manufacturer. The appellate court reversed, holding that the trial court abused its discretion in granting fees and costs for the period before the insurer served its denial of requests for admissions, and in failing to consider that some of the fees and costs did not relate to issues covered by the requests for admission. (28 Cal.App.4th at pp. 736-737.)

Appellant also relies upon Weil and Brown, California Practice Guide: Civil Procedure Before Trial (The Rutter Group 2000) paragraph 8:1413.2, page 8G-38 (rev. #1, 1999). Paragraph 8:1413.2 states, with regard to costs of proof pursuant to section 2033, subdivision (*o*): "Timing of motion? The motion probably cannot be made until *after trial*, because the conditions for such award cannot be determined until then (e.g., importance of matter denied, reasonableness of denial)." (¶ 8:1413.2, p. 8G-38.) Witkin merely states that where "the requesting party later proves the . . . matter's truth," sanctions may be allowed. (2 Witkin, Cal. Evidence (4th ed. 2000) Discovery, § 172, p. 1000.) Since in the present case the conditions for the award could be determined at the time the summary judgment motion was granted,

and the matter at issue was proved in the summary judgment motion, an award of costs of proof was appropriate.

Allowing sanctions in this situation is consistent with the statutory purpose of section 2033, subdivision (*o*). The primary purpose of requests for admissions is to expedite trial. (*Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 509 [224 Cal.Rptr. 838].) Sanctions are awarded under section 2033, subdivision (*o*) in order to reimburse a party proving the truth of a requested admission. (179 Cal.App.3d at p. 509.) Summary judgment also promotes the efficient use of the courts, by ascertaining the presence or absence of triable issues of fact. (See *Kurokawa v. Blum* (1988) 199 Cal.App.3d 976, 988 [245 Cal.Rptr. 463] [The aim of summary judgment is to discover whether the parties possess evidence requiring the weighing procedures of a trial.].) A party that has successfully moved for summary judgment should not be penalized for avoiding trial by a denial of costs of proof.

Appellant also urges that in many cases, including this one, the party seeking summary judgment has not proved anything, but has only pointed out the inadequacy of the opposing party's evidence. The same is true, however, at trial, where a defense verdict is generally the result of the plaintiff failing to meet the applicable burden of proof. We conclude that sanctions under section 2033, subdivision (*o*) are available following summary judgment.

III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order appealed from is affirmed. Costs to respondent.

Boren, P. J., and Todd, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 26, 2002.

---

*See footnote, *ante*, page 494.