Filed 11/26/13  Riverside Sheriff's Assn. v. County of Riverside CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

RIVERSIDE SHERIFFS' ASSOCIATION,

    Plaintiff and Appellant,

v.

COUNTY OF RIVERSIDE et al.,

    Defendants and Appellants.

E054180

(Super.Ct.No. RIC526383)

OPINION

APPEAL from the Superior Court of Riverside County.  Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Hayes & Cunningham, Ricardo Ochoa, Amanda K. Hansen, Dennis J. Hayes, and Christopher H. Conti for Plaintiff and Appellant.

The Zappia Law Firm, Edward P. Zappia, Anna Zappia, and Day B. Hadaegh for Defendants and Appellants.

Riverside Sheriff's Association (RSA) filed a petition for writ of mandamus against the County of Riverside (County).  The petition alleged that the County violated

1

RSA's memorandum of understanding (MOU) and the Riverside salary ordinance by hiring temporary employees to fill group counselor positions within the probation department, and allowing them to work more than 1,000 hours in a given fiscal year without prior approval from the board of supervisors. The court found the County had violated the salary ordinance but had not violated the MOU and issued a writ of mandate compelling compliance with the salary ordinance. RSA made a motion for attorney's fees pursuant to Code of Civil Procedure section 1021.5, and a motion for cost of proof against the County for discovery violations. The County made a cross-motion for cost of proof against RSA. The court denied RSA's motion for attorneys' fees, but awarded it $10,400 for cost of proof, along with costs of suit, while denying the County's cross-motion. Both parties appealed.

On appeal, RSA attacks the postjudgment order denying attorneys' fees. On cross-appeal, the County challenges the orders awarding RSA cost of proof damages while denying the County's cross-motion for cost of proof. We affirm.

## BACKGROUND

In April 30, 2004, RSA requested information from the County about the number and identity of temporary group counselors working for the probation department, and the total number of working hours during that fiscal year. RSA sought the information because it was relevant to the negotiation and enforcement of the terms of the MOU. The County responded with a list of temporary group counselors, identified by employee number.

Another letter was sent to the County's human resources department on June 9, 2004, requesting the names of temporary group counselors. RSA explained the information was necessary to determine the extent temporary group counselors had been hired at an increasing rate, adversely affecting the bargaining unit employees. RSA desired to ascertain whether permanent unit positions had been lost to temporary employees by contracting out bargaining unit jobs. The County responded with payroll records, but declined to provide work history information about the temporary employees because they were not in the bargaining unit. The county also explained that it was not "contracting out bargaining unit jobs," but that despite ongoing recruitment efforts, the probation department had never been able to fill all of its vacant positions.

In August 2004, RSA filed a grievance against the County, seeking to have all temporary group counselors replaced with regular, fulltime employees, and seeking reimbursement of lost association dues resulting from the hiring of temporary employees. The County rejected the grievance, so RSA filed an amended grievance, seeking reclassification of the temporary employees, demanding that the County cease the practice of hiring temporary employees to perform bargaining work, and seeking reimbursement for dues that would have been paid but for the violation of the County's salary ordinance, Ordinance No. 440, section 12.C.(3). That salary ordinance provides that temporary employees may not be employed for longer than 1,000 hours during any fiscal year. The ordinance further provides that in the event a department head has an unusual need, he or she may request approval on the board of supervisors' agenda prior to

3

the employee working more than 1,000 hours (Sal. Ord. 440, § 12.C.(3).)  The County rejected the amended grievance.

RSA filed a petition to compel arbitration on the ground that temporary group counselors had eroded the bargaining unit by shifting work away from full-time members and reducing the amount of dues collected by RSA.  (Case No. RIC 425667.)  In January 2006, RSA filed an amended petition for writ of mandate in case No. 425667, seeking an order compelling an administrative hearing, which was granted.  On March 22, 2009, the administrative hearing officer issued a decision finding that the County's use of temporary group counselors in excess of 1,000 hours in a fiscal year violated the salary ordinance, but did not violate the MOU.

RSA then brought its petition for writ of mandate to enforce public sector labor agreement and local ordinance.  (Case No. RIC 526383.)  The petition sought mandamus compelling the County to comply with the MOU, limit temporary employees to 1,000 hours during a given fiscal year, to enforce the salary ordinance, to obtain payment of RSA dues that would have been paid if the County had complied with the MOU, and for attorneys' fees and costs of suit.  On January 7, 2011, the court denied in part and granted in part the petition for writ of mandamus.  The court found that the County had violated section 12.C.(3) of the salary ordinance and ordered it to comply by limiting employment of temporary group counselors to 1,000 hours without prior approval of the board of supervisors.  However, the court found the County's violation of the salary ordinance was not a violation of the MOU, so it ruled that RSA was not entitled to money damages for lost union dues.

4

On February 7, 2011, RSA made a motion to recover cost of proof sanctions against the County pursuant to Code of Civil Procedure section 2033.420. On March 8, 2011, RSA filed a motion for attorneys' fees pursuant to Code of Civil Procedure section 1021.5. The County opposed RSA's motions for cost of proof sanctions and attorneys' fees, and made a cross-motion to recover its own cost of proof sanctions against RSA. After a hearing, the court awarded RSA costs of suit in the amount of $3,954.51, and cost of proof sanctions against the County in the amount of $10,400, but denied RSA's motion for attorneys' fees. The court also denied the County's cross-motion for cost of proof sanctions.

On July 8, 2011, RSA appealed from the order after judgment. On August 17, 2011, the County cross-appealed.

## DISCUSSION

**1.      The Trial Court Properly Exercised Discretion in Denying Attorney's Fees.**

RSA argues that the trial court erred in denying its motion for attorneys' fees pursuant to Code of Civil Procedure section 1021.5. We disagree.

Ordinarily, unless a contract or statute provides otherwise, each party to a lawsuit must pay its own attorney fees. (Code Civ. Proc., § 1021; *Musaelian v. Adams* (2009) 45 Cal.4th 512, 516.) California's private attorney general law, Code of Civil Procedure section 1021.5, sets forth an exception to that rule.

Section 1021.5 of the Code of Civil Procedure provides that a court may award attorneys' fees to a successful party against one or more opposing parties in any action

5

which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any. (See *Robinson v. City of Chowchilla* (2011) 202 Cal.App.4th 382, 390.)

The decision whether to award attorney fees pursuant to Code of Civil Procedure section 1021.5 lies within the discretion of the trial court and will not be disturbed on appeal absent a prejudicial abuse of discretion resulting in a manifest miscarriage of justice. (*Monterey/Santa Cruz etc. Trades Council v. Cypress Marina Heights LP* (2011) 191 Cal.App.4th 1500, 1522.) On review, we focus on whether the court applied the proper legal standards under Code of Civil Procedure section 1021.5 and, if so, whether the result was within the range of the court's discretion. (*Vargas v. City of Salinas* (2011) 200 Cal.App.4th 1331, 1339.) However, de novo review is warranted where the determination of whether the statutory criteria were satisfied amounts to statutory construction and a question of law. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.)

(a) *Successful Party*

The fundamental objective of the private attorney general doctrine is to encourage suits enforcing important public policies by providing substantial attorney fees to successful litigants in such cases. (*Vargas v. City of Salinas, supra,* 200 Cal.App.4th at p.

6

1339.)  The preliminary consideration for an award of attorney fees under the private attorney general doctrine is the plaintiff's success.  (*Ibid.*)

The plain language of Code of Civil Procedure section 1021.5 authorizes an award of attorneys' fees to a prevailing party.  (*Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1148.)  Thus, the threshold requirement for a fee award is that the fee applicant must be a "successful party."  (*Robinson v. City of Chowchilla, supra,* 202 Cal.App.4th at p. 393, citing *Protect Our Water v. County of Merced* (2005) 130 Cal.App.4th 488, 493.)  As used in Code of Civil Procedure section 1021.5, "successful" is synonymous with "prevailing."  (*Protect Our Water,* at p. 493.)  Determining whether a party is "successful" within the meaning of Code of Civil Procedure section 1021.5 requires an analysis of the surrounding circumstances of the litigation and a pragmatic assessment of the gains achieved by a particular action.  (*Protect Our Water,* at p. 493, citing *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 685.)

Generally, the question of whether a party is a prevailing party is best left to the trial courts, because it is a factual pragmatic inquiry.  (*Protect Our Water v. County of Merced, supra,* 130 Cal.App.4th at p. 494, citing *Schmier v. Supreme Court* (2002) 96 Cal.App.4th 873, 877-878.)  In determining whether a plaintiff is a successful party for purposes of Code of Civil Procedure section 1021.5, the critical fact is the impact of the action, not the manner of its resolution.  (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 566.)  The term "successful party," as ordinarily understood, means the party to litigation that achieves its objectives.  (*Id.* at p. 571.)

7

Because the critical fact is the impact of the action, an attorney fee award may be justified even when plaintiff's legal action does not result in a favorable final judgment. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1290-1291.)  Plaintiffs may be considered successful if they succeed on any significant issue in the litigation that achieves some of the benefit they sought in bringing suit.  (*Ebbetts Pass Forest Watch v. Department of Forestry & Fire Protection* (2010) 187 Cal.App.4th 376, 382.)  Thus, the court must critically analyze the surrounding circumstances of the litigation and pragmatically assess the gains achieved by the action.  (*Concerned Citizens of La Habra v. City of La Habra* (2005) 131 Cal.App.4th 329, 334.)

Here, the order directing the County to comply with the salary ordinance does not mean that the County is barred from hiring temporary employees who will work more than 1,000 hours in a fiscal year.  It merely requires the County to comply with the salary ordinance by obtaining advance permission from the board of supervisors where a temporary employee will work in excess of 1,000 hours.  The salary ordinance does not provide any sanction or remedy for failure to comply with the extension procedures for temporary position.  (*Jenkins v. County of Riverside* (2006) 138 Cal.App.4th 593, 609 [Fourth Dist., Div. Two].)  This was not a successful outcome.

Additionally, the main thrust of the petition for writ of mandate was to obtain a determination that the County's violation of the salary ordinance was in violation of the MOU.  For this, RSA sought to have all temporary employees who have worked 1,000 hours or more to permanent full-time status and for recovery of dues lost to RSA through the use of temporary employees.  This relief was denied.  The order requiring the County

8

to comply with a salary ordinance which it was already obligated to follow did not constitute a successful outcome.

(b) *Significant Benefit to the Public and Necessity and Financial Burden of Private Enforcement.*

The necessity and financial burden requirement of Code of Civil Procedure section 1021.5 examines two issues: whether private enforcement was necessary and whether the financial burden of private enforcement warrants subsidizing the successful party's attorneys. (*Lyons v. Chinese Hospital Assn.* (2006) 136 Cal.App.4th 1331, 1348.) The "necessity" element looks to the adequacy of public enforcement. (*Conservatorship of Whitley, supra,* 50 Cal.4th at p. 1215.) The "necessity of private enforcement" as an incentive to encourage private enforcement means that public enforcement is not available, or not sufficiently available. (*Id.* at p. 1217.)

If the enforcement of the public interest is merely coincidental to the attainment of personal goals, then the necessity and financial burden requirement is not met. (*Conservatorship of Whitley, supra,* 50 Cal.4th at p. 1220, citing *California Common Cause v. Duffy* (1987) 200 Cal.App.3d 730, 750-751.) Where the nonpecuniary motivation is determined to be sufficiently strong, private attorney general fees are deemed in some cases to be unnecessary. (*Conservatorship of Whitley,* at p. 1217.)

The nature of the public right must be important and cannot involve trivial or peripheral public policies. (*Ryan v. California Interscholastic Federation* (2001) 94 Cal.App.4th 1033, 1044.) In determining the "importance" of the particular vindicated right, courts should generally realistically assess the significance of that right in terms of

9

its relationship to the achievement of fundamental legislative goals. (*Monterey/Santa Cruz etc. Trades Council, supra,* 191 Cal.App.4th at p. 1522.)

An award of attorney fees is appropriate when the plaintiff's lawsuit was a catalyst that motivated the defendant to provide the primary relief sought and when the lawsuit vindicated an important public interest. (*Graham v. DaimlerChrysler Corp., supra,* 34 Cal.4th at p. 570.) But the mere vindication of a statutory violation is not sufficient to be considered a substantial benefit by itself. (*Concerned Citizens of La Habra, supra,* 131 Cal.App.4th at p. 335.) However, the fact that litigation enforces existing rights does not mean that a substantial benefit to the public cannot result; fees have been consistently awarded for the enforcement of well-defined, existing obligations. (*Riverside Sheriffs' Assn. v. County of Riverside* (2007) 152 Cal.App.4th 414, 422.)

When the record indicates that the primary effect of a lawsuit was to advance or vindicate a plaintiff's personal economic interests, an award of fees under Code of Civil Procedure section 1021.5 is improper. (*Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629, 635; see also *Apple, Inc. v. Franchise Tax Bd.* (2011) 199 Cal.App.4th 1, 29; *DiPirro v. Bondo Corp.* (2007) 153 Cal.App.4th 150, 200.) Code of Civil Procedure section 1021.5 was not designed as a method for rewarding litigants motivated by their own pecuniary interests who only coincidentally protect the public interest. (*DiPirro,* at p. 200.) It is intended as a "bounty" for pursuing public interest litigation, not a reward for litigants motivated by their own interests who coincidentally serve the public. (*California Licensed Foresters Assn. v. State Bd. of Forestry* (1994) 30 Cal.App.4th 562, 570.) Thus, a litigant who has a financial interest in the litigation may

10

be disqualified from obtaining such fees when expected or realized financial gains offset litigation costs. (*Conservatorship of Whitley, supra,* 50 Cal.4th at p. 1211.)

In *California Licensed Foresters Assn. v. State Bd. of Forestry, supra,* 30 Cal.App.4th at page 570, the California Licensed Foresters Association (CLFA) filed an action on behalf of its members to challenge emergency regulations adopted by the State Department of Forestry (CDF) that adversely affected the livelihood of its members. Ultimately, CDF adopted permanent regulations that led to a voluntary dismissal of the action by CLFA, which then requested and was awarded attorney fees. On appeal, the order was reversed on the ground that CLFA had a significant pecuniary interest in eliminating the emergency regulations. (*Ibid.*) It also held that the interests of CLFA clients and the general public were only incidental to CLFA's primary objective of protecting the livelihood of its members and that the economic interest of CLFA and its members was sufficient motivation for bringing the action. (*Id.* at p. 573.)

The same is true here. The court found RSA was motivated primarily by its own pecuniary interests. RSA sought to increase its membership and revenue from dues by requiring the County to be more circumspect in its use of temporary employees. The court found RSA never identified an employee who would benefit from the ruling, while several temporary employees provided declarations in opposition to RSA's petition because they were not interested in becoming permanent county employees and wished to retain their temporary status.

We agree with the court's determination. Like the plaintiff in *California Licensed Foresters Assn. v. State Bd. of Forestry, supra,* 30 Cal.App.4th at pages 571-572, RSA

11

had a significant pecuniary interest in pursuing the matter that required no further incentive for bringing suit. The interests of the union members and the general public were incidental to RSA's primary objective of obtaining additional dues paying members and the economic interest of RSA and its members was sufficient motivation for bringing the action. (See *California Redevelopment Assn. v. Matosantos* (2013) 212 Cal.App.4th 1457, 1479, citing *California Licensed Foresters,* at pp. 567-568.) RSA's action did not vindicate an important public right. The lawsuit was motivated by RSA's own self interests.

**2.    The Trial Court Properly Ruled On the Cross-Motions For Discovery Sanctions.**

*a.    Procedural history*

During discovery, RSA served requests for admissions (RFA) on the County. One RFA asked the County to admit that in the past it had violated the salary ordinance in the past by employing temporary group counselors for more than 1,000 hours in a fiscal year, while another RFA asked the County to admit it was currently in violation of the salary ordinance by employing temporary group counselors for more than 1,000 hours in a fiscal year. In response, the County objected to both RFA's on the ground they were vague, ambiguous, unintelligible and called for a legal conclusion, and denied each RFA in the alternative. At the conclusion of the case, RSA requested sanctions for cost of proof of the matters which the County had denied.

For its part, the County served RFA's on RSA seeking an admission that the County's employment of nonunionized temporary group counselors did not violate the MOU. RSA denied same.

After the court ruled on the petition, RSA sought sanctions for the cost of proof of the County's denial, as unreasonable pursuant to Code of Civil Procedure section 2033.420. The County made a cross-motion for sanctions by virtue of the same statutory authority. At the hearing, the trial court ruled that RSA's denial of the County's RFA was reasonable, and denied sanctions. However, it concluded that the County's denial of RSA's RFA was unreasonable and ordered sanctions in the amount of $10,400 to RSA for costs of proof.

On cross-appeal, the County argues that the court erred in (a) granting RSA's motion for cost of proof sanctions, and (b) denying its own motion for cost of proof sanctions against RSA for discovery violations. We disagree.

*b. Discussion and Analysis*

Code of Civil Procedure section 2033.420 provides that if a party fails to admit the genuineness of any document or the truth of any matter when requested to do so, and the party requesting the admission thereafter proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's. fees (Code Civ. Proc., § 2033.420, subd. (a).) We review a court's fee award for abuse of discretion. (*Miller v. American Greetings Corp.* (2008) 161 Cal.App.4th 1055, 1066.)

13

RFA's differ from other forms of discovery because rather than seek to uncover information, they seek to eliminate the need for proof.  (*Stull v. Sparrow* (2001) 92 Cal.App.4th 860, 864.)  The primary purpose of RFA's is to expedite trial.  (*Barnett v. Penske Truck Leasing* (2001) 90 Cal.App.4th 494, 499; *Murillo v. Superior Court* (2006) 143 Cal.App.4th 730, 737.)  The basis for imposing sanctions is directly related to that purpose.  (*Stull,* at p. 865.)  An award of costs of proof is improper if the party who denied the RFA held a reasonably entertained good faith belief it would prevail on the issue at trial.  (*Miller v. American Greetings Corp., supra,* 161 Cal.App.4th at p. 1066, citing *Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 511 [interpreting predecessor Code Civ. Proc, § 2034, subd. (c)].)

"Proof" is the establishment by evidence of a requisite degree of belief concerning a fact in the mind of the trier of fact or the court.  (Evid. Code*,* § 190; *Barnett v. Penske Truck Leasing, supra,* 90 Cal.App.4th at p. 498.)  Thus, if a defendant concedes or stipulates to a matter prior to trial that he or she had previously denied in RFA, such that the plaintiff is spared the expense of proving that fact, cost of proof is not appropriately ordered.  (*Wagy v. Brown* (1994) 24 Cal.App.4th 1, 6.)  Awarding costs of proof is improper if the party who denied the RFA held a reasonably entertained good faith belief it would prevail on the issue at trial.  (*Miller v. American Greetings Corp., supra,* 161 Cal.App.4th at p. 1066.)

The determination of whether "there were no good reasons for the denial," whether the requested admission was "of substantial importance," and the amount of expenses to be awarded, if any, are all within the sound discretion of the trial court.

14

(*Brooks v. American Broadcasting Co., supra*, 179 Cal.App.3d at p. 508.)  On appeal, the trial court's decision will not be reversed unless the appellate demonstrates that the lower court abused its discretion.  (*Ibid.*; see also *Wimberly v. Derby Cycle Corp.* (1997) 56 Cal.App.4th 618, 637, fn. 12.)  One of the essential attributes of abuse of discretion is that it must clearly appear to effect injustice.  (*Dorman v. DWLC Corp.* (1995) 35 Cal.App.4th 1808, 1815.)  Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered.  (*Ibid.*)  The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice, a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.  (*Ibid.*)

  *1. The Cost of Proof Sanctions Awarded to RSA*

  The County argues that sanctions against it were improper because it had stipulated it had violated the salary ordinance in the past in the arbitration hearing, and its denial of the RFA in the current proceeding was accompanied by copies of payroll documents used by RSA to show that the County had cured its prior violations, making any alleged violations irrelevant.  However, the County's act of providing documentation to RSA did not obviate the need for proof.  The matter was submitted for decision on the basis of trial briefs.  RSA's trial brief included points and authorities in support of its position that the County violated the salary ordinance, and submitted the documentation obtained during discovery to prove the violation.

Although the County could have conceded the issue, it submitted points and authorities in opposition to the petition. The County argued it did not violate the salary ordinance, but that even if RSA could establish any technical violation in failing to obtain prior approval for employing temporary group counselors in excess of 1,000 hours, the County had cured any such violation by subsequently obtaining board approval to do so. The County did not stipulate that it had violated the salary ordinance, thereby sparing RSA the need to submit proof to the court.

The County's denial was unreasonable in light of the fact it had previously stipulated to the fact that it had violated the salary ordinance in the earlier arbitration proceedings. Nor did the County have a good faith belief it would prevail on the issue at trial in light of the prior admission. The court was well within its discretion to order the County to pay to RSA the cost of proof of that fact.

2. *Cost of Proof Sanctions Denied to the County*

The County next argues that because the case law has established that the MOU does not cover temporary employees, RSA had no reasonable basis to deny the County's request for admissions that it had not violated the MOU. It relies on the holding of *Jenkins v. County of Riverside, supra,* 138 Cal.App.4th 583. In that case, the County of Riverside terminated the employment of plaintiff, who was a temporary employee, after she requested reasonable accommodation for a disability, due to the fact that she had exceeded the number of hours under the salary ordinance. This case does not support the County's position because it is distinguishable.

16

The plaintiff in *Jenkins* filed a complaint against the County for violation of her civil rights (42 U.S.C. § 1983), breach of the collective bargaining agreement, and violation of the Fair Employment and Housing Act. The trial court concluded that temporary employees whose terms of employment have expired have no right to reasonable accommodation where that accommodation would extend the employment beyond the statutory limit. Summary judgment was entered in favor of the County, and was affirmed on appeal. This court held that the plaintiff was not a regular, permanent employee, despite the fact she had worked in excess of 1,000 hours, and could be terminated at any time for any reason. (*Jenkins v. County of Riverside, supra,* 138 Cal.App.4th at p. 616.) "As a matter of California law, the mere lapse of time that an employee occupies a position designated as 'temporary' is not sufficient, of itself, to render the employee a de facto regular or permanent employee." (*Id.* at p. 615.)

However, the plaintiff in *Jenkins* was not employed in a position covered by collective bargaining unit, such as RSA, so that case did not determine whether or not a violation of the salary ordinance constituted a violation of the MOU. A case is not authority for propositions not considered. (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 254.) RSA's petition sought a determination that the violation of the salary ordinance constituted a violation of the MOU, so that issue was presented squarely in the present case.

At the hearing on the motion to recover cost of proof, RSA argued that its denial of the RFA was based on a reasonable belief it would prevail on that issue. While the trial court disagreed with RSA's position, it considered the argument legally tenable and

17

determined that RSA did not deny the RFA in bad faith. The court considered everything that had been submitted in support of the County's request for cost of proof sanctions but denied the request.

The court's conclusion was a reasonable exercise of the trial court's discretion.

**DISPOSITION**

The judgment is affirmed. Each side will bear its own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

We concur:

HOLLENHORST_____

J.

RICHLI_____

J.