Filed 10/5/16  Roldan v. Flores CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ERICK ROLDAN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIRNA E. FLORES,<br><br>    Defendant and Appellant. | B260336<br><br>(Los Angeles County<br>Super. Ct. No. BC495849) |

APPEAL from orders of the Superior Court of Los Angeles County,

Anthony J. Mohr, Judge.  Affirmed in part, reversed in part, and remanded with

directions.

Wade & Lowe and Geoffrey T. Hill, for Defendant and Appellant.

B&D Law Group, Daniel D. Geoulla and B. Michael Geoola, for Plaintiff and

Respondent.

## INTRODUCTION

Defendant Mirna E. Flores appeals from postjudgment orders granting plaintiff Erick Roldan's motion for cost-of-proof sanctions under Code of Civil Procedure[1] section 2033.420 and denying Flores' motion to tax costs. We conclude the court erred in awarding costs with respect to some, but not all, of the issues raised in Roldan's motion. Accordingly, we reverse the court's order and remand the matter for recalculation of the award of costs under section 2033.420. With respect to Flores' challenge to the court's order denying her motion to tax costs, Flores has failed to provide an adequate record of the proceedings concerning that motion. We therefore affirm the court's order denying Flores' motion to tax costs.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. The accident

In December 2010, Roldan was riding his motorized bicycle in the opposite direction of traffic while on the sidewalk of Western Avenue in Los Angeles. As Roldan approached the intersection of Western Avenue and 22nd Street, Flores' car was stopped on 22nd street, in front of the crosswalk that runs parallel to Western Avenue. Roldan approached the crosswalk from the right side of Flores' car. As Roldan entered the crosswalk, Flores started to make a right turn from 22nd Street onto Western Avenue. Flores struck Roldan with her car, injuring him and damaging his motorized bicycle.

### 2. Discovery and trial

In December 2012, Roldan sued Flores for damages arising out of the accident. Around November 2013, Roldan served Flores with his first set of requests for admissions. Relevant to this appeal, Roldan requested Flores to admit the following: (1) that Roldan's lawsuit was not barred under Civil Code section 3333.3 or 3333.4 (Request 7); (2) that Roldan incurred at least $10.00 of general damages as a result of

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

the accident (Request 11);[2] (3) that Roldan incurred at least $1,000.00 of special damages as a result of the accident (Request 12); (4) that Flores' negligence was a cause of the accident (Request 13); (5) that Flores' negligence contributed toward causing the accident (Request 16); (6) that Flores' negligence was a substantial factor in causing the accident (Request 17); (7) that Flores' vehicle struck Roldan's bicycle/scooter on December 12, 2010 (Request 18); and (8) that Flores was not paying attention to the roadway at the time she struck Roldan, causing him injuries and damages (Request 20). Flores denied each of these requests.

On December 3, 2013, Roldan served Flores with a statutory offer to settle the case under section 998, offering to dismiss the case with prejudice in exchange for $15,000. Flores apparently never accepted Roldan's offer.[3]

Around March 2014, Roldan served Flores with a second set of requests for admissions. Among other things, Roldan asked Flores to admit the following: (1) that, at the time of the accident, Roldan was operating a moped as defined by former Vehicle Code section 406, subdivision (b) (Request 21); (2) that the vehicle Roldan was riding at the time of the accident was exempt from the financial responsibility requirements set forth in former Vehicle Code section 406, subdivision (b) (Request 22); (3) that the vehicle Roldan was operating at the time of the accident was incapable of reaching speeds in excess of 20 miles per hour on level ground, even if assisted by human power (Request 26); and (4) that Roldan was not required to comply with any provisions of Civil Code section 3333.4 in order to recover general damages (Request 29). Flores denied Request 26 and stated that she did not have enough information to admit or deny the three other requests.

---

[2]    Although both parties assert in their briefs that Request 11 asked Flores to admit that Roldan incurred at least $1,000 in general damages, the request included in the record asked Flores to admit only that Roldan incurred at least $10.00 in general damages.

[3]    Flores' response to Roldan's offer is not included in the record on appeal; however, neither party disputes that Flores did not accept the offer.

Around April 2014, Roldan served Flores with a third set of requests for admissions.  Relevant to this appeal, Roldan asked Flores to admit the following: (1) that, at the time of the accident, Roldan was riding a motorized bicycle, as defined by former Vehicle Code section 406 (Request 30); (2) that Roldan's operation of a motorized bicycle on the sidewalk at the time of the accident did not require him to travel in the same direction as the traffic on the street (Request 31); (3) that Roldan was not subject to the Vehicle Code's provisions "relating to financial responsibility" (Request 32); (4) that Roldan was allowed to travel southbound on the sidewalk at the time of the accident (Request 36); (5) that at the time of the accident, Roldan was not subject to the driver's license requirements of Vehicle Code section 24016 (Request 39); and (6) that, at the time of the accident, Roldan was not subject to the license plate requirements set forth in Vehicle Code section 24016 (Request 41).  Flores denied Requests 31, 32, 36, 39, and 41.  However, she admitted Request 30.

A jury trial commenced on July 14, 2014.  On July 18, 2014, the jury reached its verdict, finding Roldan suffered $18,500 in damages in the accident.  However, it found both Flores and Roldan were negligent in causing the accident, and that each of Flores' and Roldan's negligence was a substantial factor in causing Roldan's injuries.  The jury found Flores was responsible for causing 70% of Roldan's harm, and that Roldan was responsible for the remaining 30%.  Accordingly, the jury awarded Roldan a total of $12,950 in damages.

### 3. Post-trial motions and orders

#### a. Roldan's motion for cost-of-proof sanctions

On July 31, 2014, Roldan filed a motion for cost-of-proof sanctions under section 2033.420, requesting the court award $53,730 in attorney's fees and other costs incurred in proving the matters Flores failed to admit in response to Roldan's requests for admissions described above.  Roldan attached to his motion declarations from his trial counsel and other evidence breaking down the amount of hours spent on certain aspects of preparing for trial, as well as the cost per hour of those activities.  However, Roldan's papers do not specifically identify how much time and money was spent

4

preparing to prove each matter covered by the specific request for admissions at issue in his motion.

Flores opposed Roldan's motion. In her written opposition, Flores challenged the motion on the following grounds: (1) she had a good faith belief she would prevail on the issue of liability at trial (concerning Requests 13, 16, 17, 18, and 20); (2) the court decided in her favor the issue of whether Roldan violated the law when he rode his motorized bicycle on the sidewalk at the time of the accident (concerning Requests 31 and 36); (3) she was unable to admit any requests for admissions concerning the type of vehicle Roldan was riding at the time of the accident because Roldan had sold the vehicle before she could respond to his first set of requests for admissions; (4) Roldan did not incur any additional expenses, or expend any additional time, in proving at trial any of the matters addressed by the requests she did not admit; and (5) Roldan should have filed his lawsuit in a court of limited jurisdiction, where the discovery would have been limited and, consequently, his expenses would have been substantially less.

On September 26, 2014, the court conducted a hearing on Roldan's motion. The court found Roldan proved the matters Flores failed to admit in response to the requests for admissions set forth above, and that Flores did not have a reasonable ground to believe that she would prevail on any of the issues related to the requests for admissions she failed to admit. In determining the amount of costs and fees it would award Roldan, the court stated: "[O]ne of the problems I've got here [is] I don't have a good breakdown of what, you know, parts of the trial or what parts of [counsel for Roldan's] work went to what request for admissions." The court went on, "I'm not sure that [$]53,730 is appropriate. But the vast majority of it is. . . . [¶¶] I'm going to impose attorney's fees in the amount of $48,000 pursuant to [section] 2033.420. That will be added to the cost bill."

Flores appealed from the court's order granting Roldan's motion for cost-of-proof sanctions.

5

### b.     Flores' motion to tax costs

On October 2, 2014, before the court entered judgment on Roldan's claims, Flores filed a motion to tax costs.  She again challenged Roldan's request for cost-of-proof sanctions, repeating many of the arguments in her opposition to Roldan's original motion and setting forth several arguments that were not included in her opposition.  She also challenged Roldan's purported request for $19,204 in expert witness fees under section 998.  However, the only file-stamped memorandum of costs that is before us on appeal does not include a request for expert witness fees under section 998.  Rather, that memorandum of costs, which was filed on October 22, 2014, after Flores filed her motion to tax costs, includes only requests for the $48,000 in costs and fees awarded to Roldan as cost-of-proof sanctions and other various costs that Flores does not challenge on appeal.[4]

The court entered judgment on Roldan's claims on October 20, 2014.  On November 14, 2014, the court denied Flores' motion to tax costs.  Aside from a minute order stating only that Flores' motion was considered and denied, we have no record of the proceedings on Flores' motion to tax costs.  We also have no order or amended judgment showing what costs the court awarded Roldan after it denied Flores' motion to tax costs.

Flores appealed from the court's order denying her motion to tax costs.

### DISCUSSION

### 1.     Cost-of-proof sanctions

Flores challenges the court's order granting Roldan's motion for cost-of-proof sanctions under section 2033.420.  As we shall explain, the court erred in awarding fees related to several requests for admissions that Flores refused to admit.  However, with respect to the remaining requests, Flores waived her challenges to those requests by

---

[4]     It appears that Flores' motion to tax costs challenged fees and costs requested in a memorandum of costs that Roldan served Flores with on August 1, 2014.  In that memorandum, Roldan requested $19,204 in expert witness fees under section 998.  Although there are three copies of the August 1, 2014 memorandum of costs in the record, none of the copies is file-stamped.

6

failing to raise them below, or the court properly awarded costs relating to those requests.

### a.      Governing legal principles and standard of review

A party may request in writing any other party to admit the "truth of specified matters of fact, opinion relating to fact, or application of law to fact" that relates to a matter in controversy between the parties.  (§ 2033.010.)  Generally, "[a]ny matter admitted in response to a request for admission is conclusively established against the party making the admission in the pending action."  (§ 2033.410, subd. (a).)

In its answer to a request for admission, a responding party must "[s]pecify so much of the matter involved in the request as to the truth of which the responding party lacks sufficient information or knowledge."  (§ 2033.220, subd. (b)(3).)  " '[S]ince requests for admissions are not limited to matters within personal knowledge of the responding party, that party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge.  [Citations.]' [Citation.]"  (*Bloxham v. Saldinger* (2014) 228 Cal.App.4th 729, 751–752 (*Bloxham*).)  Therefore, "[i]f a responding party gives lack of information or knowledge as a reason for a failure to admit all or part of a request for admission, that party shall state in the answer that a reasonable inquiry concerning the matter in the particular request has been made, and that the information known or readily obtainable is insufficient to enable that party to admit the matter."  (§ 2033.220, subd. (c).)

" 'Requests for admissions . . . are primarily aimed at setting at rest a triable issue so that it will not have to be tried.  Thus, such requests, in a most definite manner, are aimed at expediting the trial.  For this reason, the fact that the request is for the admission of a controversial matter, or one involving complex facts, or calls for an opinion, is of no moment.  If the litigant is able to make the admission, the time for making it is during discovery procedures, and not at the trial.' [Citation.]"  (*Bloxham*, *supra*, 228 Cal.App.4th at p. 752.)

"If a party fails to admit the genuineness of any document or the truth of any matter when requested to do so . . . , and if the party requesting that admission thereafter

7

proves the genuineness of that document or the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." (§ 2033.420, subd. (a).) The court must make an order awarding the requested expenses unless it finds any of the following: "(1) An objection to the request was sustained or a response to it was waived under Section 2033.290. [¶] (2) The admission sought was of no substantial importance. [¶] (3) The party failing to make the admission had reasonable ground to believe that that party would prevail on the matter. [¶] (4) There was other good reason for the failure to admit." (§ 2033.420, subd. (b).)

" 'The determination of whether "there were no good reasons for the denial," whether the requested admission was "of substantial importance," and the amount of expenses to be awarded, if any, are all within the sound discretion of the trial court. [Citation.]' [Citation.]" (*Bloxham*, *supra,* 228 Cal.App.4th at p. 753.) However, "if the trial court exercises its discretion and determines that the requirements of the statute exist, reasonable expenses *must* be awarded." (*Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 508 (*Brooks*).) Accordingly, the trial court's decision will not be reversed unless the appellant shows the lower court abused its discretion. (*Miller v. American Greetings Corp.* (2008) 161 Cal.App.4th 1055, 1066.)

### b. Flores raises issues on appeal that were not raised in her opposition to Roldan's motion

Flores raises three arguments on appeal that she did not raise in her opposition to Roldan's motion for cost-of-proof sanctions. We will not consider points raised by Flores for the first time on appeal, and which the trial court did not have an opportunity to address. (*Franz v. Board of Medical Quality Assurance* (1982) 31 Cal.3d 124, 143.) Thus, we do not address the following issues that were not raised below: (1) that it was an abuse of discretion to award sanctions for expenses incurred proving the facts

8

addressed by Request 21;[5] (2) that it was an abuse of discretion for the court to ignore Flores' admissions in response to requests that were not at issue in Roldan's motion for cost-of-proof sanctions; and (3) that it was an abuse of discretion to award sanctions for the cost of proving Requests 39 and 41 because the issues covered by those requests were irrelevant to the outcome of Roldan's lawsuit.

### c. The court erred in awarding expenses related to Requests 7, 22, 29, and 32

Flores contends the court erred in awarding Roldan expenses related to Requests 7, 22, 29, and 32 because the parties stipulated to the issues raised by those requests before trial.[6] We agree.

Those requests all touch on the issue of whether Roldan was required to have insurance for his motorized bicycle at the time of the accident. Requests 7 and 29 asked Flores to admit that Roldan's claims were not barred by Civil Code sections 3333.3[7]

---

[5] Flores raised this argument, along with several other arguments that were included in her opposition, in her motion to tax costs, which was filed after the court ruled on the motion for cost-of-proof sanctions. However, she has not provided an adequate record for us to review the court's denial of her motion to tax costs. As discussed in greater detail below, we must presume the court did not err in denying that motion. (See *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039 (*Stasz*).) For example, the court may have rejected Flores' challenges to the cost-of-proof sanctions included in her motion to tax costs as an improper attempt to have the court reconsider its prior ruling on the motion for cost-of-proof sanctions. Because Flores did not file a motion that complied with section 1008's requirements for requesting reconsideration of a court's prior order, the court properly could have refused to consider the arguments included in the motion to tax costs challenging the cost-of-proof sanctions. (See § 1008 [the party challenging the prior order must file an affidavit showing what request for a prior order was made, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown].)

[6] Although Flores did not raise this argument in her written opposition to the motion for cost-of-proof sanctions, she did raise it at the hearing on the motion.

[7] Civil Code section 3333.3 bars a plaintiff from recovering damages in a negligence action "if the plaintiff's injuries were in any way proximately caused by

9

and 3333.4.[8]  Requests 22 and 32 asked Flores to admit that, at the time of the accident, Flores' motorized bicycle was exempt from the financial responsibility requirements of Vehicle Code section 406, subdivision (b), and that Flores was not subject to any of the Vehicle Code's provisions relating to financial responsibility.

Flores claims that shortly before trial she agreed not to argue that Roldan was required to have insurance for his motorized bicycle at the time of the accident.  There is nothing in the record from the pretrial proceedings or the trial memorializing the agreement.  However, Flores cites to a statement by Roldan's counsel at the hearing on the motion for cost-of-proof sanctions to argue the agreement was made before trial. Roldan's counsel told the court that, about a week or two before trial, he and Flores' counsel had reached an informal agreement over the telephone that Flores would not contest the issue of insurability at trial.  Nevertheless, Roldan's counsel argued, and the court agreed, that even though Roldan did not present evidence on the issue at trial, he was entitled to cost-of-proof sanctions because he incurred pretrial expenses in preparing to address that issue by hiring an expert and deposing Flores' expert.

Under section 2033.420, only expenses incurred in actually proving the matter raised by the request for admission are recoverable.  (§ 2033.420, subd. (a); *Stull v. Sparrow* (2001) 92 Cal.App.4th 860, 865 (*Stull*).)  Therefore, a moving party may not recover cost-of-proof sanctions if he or she does not prove that matter at trial.  (*Wagy v. Brown* (1994) 24 Cal.App.4th 1, 6 (*Wagy*).)  " ' "Proof" is the establishment by evidence of a requisite degree of belief concerning a fact in the mind of the trier of fact

---

the plaintiff's commission of any felony, or immediate flight therefrom, and the plaintiff has been duly convicted of that felony."

[8]     Civil Code section 3333.4 bars recovery of "non-economic losses to compensate for pain, suffering, inconvenience, physical impairment, disfigurement, and other nonpecuniary damages" if, among other things, the injured person "was the owner of a vehicle involved in the accident and the vehicle was not insured as required by the financial responsibility laws of this state" or "[t]he injured person was the operator of a vehicle involved in the accident and the operator can not establish his or her financial responsibility as required by the financial responsibility laws of this state." (Civ. Code, § 3333.4, subd. (a)(2)&(3).)

10

or the court.' [Citation.]" (*Ibid.*) "Until a trier of fact is exposed to evidence and concludes that the evidence supports a position, it cannot be said that anything has been proved." (*Stull, supra*, 92 Cal.App.4th at pp. 865–866.) Thus, a moving party may not recover expenses under section 2033.420 if he or she does not present evidence at trial to prove the matter raised in the request for admission at issue. (*Wagy, supra*, 24 Cal.App.4th at p. 6; *Stull, supra*, 92 Cal.App.4th at pp. 864-868.)

Here, the trial court should not have awarded Roldan expenses for merely preparing to prove the issue of insurability at trial. There is nothing in the record (and the parties cite to nothing in the record) that shows the issue of insurability was contested at trial or that Roldan presented any evidence to establish that issue in his favor. (See *Wagy, supra*, 24 Cal.App.4th at p. 6.)

Roldan cites *Brooks* to argue that Flores' failure to enter into a formal, pretrial stipulation not to contest the issue of insurability entitles Roldan to recover cost-of-proof sanctions even though he did not present any evidence on the issue at trial. In *Brooks*, the plaintiff lost control of his semitrailer truck and hit a tree after he swerved the truck to avoiding colliding with an oncoming bus. (*Brooks, supra*, 179 Cal.App.3d at p. 505.) He sued the owner and driver of the bus for negligence, claiming the bus had crossed over the centerline of the road shortly before the accident, causing the plaintiff to swerve his truck. (*Id.* at p. 506.) Prior to trial, the defendants requested the plaintiff to admit that the plaintiff's truck, and not the bus, had crossed over the centerline of the road shortly before the accident. (*Id.* at p. 507.) The plaintiff refused to admit the defendants' request. (*Ibid.*) Although the plaintiff did not contest the issue at trial, the defendants presented evidence that the plaintiff's truck had crossed over the centerline shortly before the accident, a fact the jury found in the defendants' favor. (*Id.* at pp. 505-507, 512.) After trial, the court awarded the defendants cost-of-proof sanctions for the expenses incurred in proving that fact. (*Id.* at p. 507.)

On appeal, the plaintiff argued the sanctions award was improper because he had a good reason to deny the request and the issue raised by the request was not of substantial importance. (*Brooks, supra*, 179 Cal.App.3d at pp. 507-508.) The Court of

11

Appeal affirmed the trial court's ruling. (*Id*. at p. 512.) It concluded the fact that the plaintiff's truck had crossed over the centerline shortly before the accident was of substantial importance because it related directly to the issue of liability. (*Id*. at pp. 511-512.) The court also concluded that the plaintiff had no good reason to deny the request because, by the time the request was made, the law enforcement agency that investigated the accident had already released a report concluding that it was the plaintiff's truck that had crossed over the centerline. (*Id*. at p. 512.)

As part of its analysis, the court discussed the principles and rules governing requests for admissions and motions for cost-of-proof sanctions. (*Brooks*, *supra*, 179 Cal.App.3d at pp. 508-511.) Relevant here, the court explained that "if a party . . . stands on the initial denial and then fails to contest the issue at trial, a court would be well justified in finding that there had been no good reasons for the denial, thus mandating the imposition of sanctions." (*Id*. at pp. 510-511, fn. omitted.) Roldan relies on this language to argue that because Flores did not formally retract her denial of requests 7, 22, 29, and 32 before trial, he was entitled to recover cost-of-proof sanctions for preparing to prove those requests, even though he presented no evidence addressing them at trial.

We are not persuaded by Roldan's argument because *Brooks* is distinguishable from the instant case in at least one critical respect. Unlike Roldan, the defendants in *Brooks* presented evidence to prove, and in fact did prove, the issue raised by the request for admission that was the subject of their motion for cost-of-proof sanctions. *Brooks* therefore did not address the situation where a party seeks to recover cost-of-proof sanctions when it made no attempt to prove at trial a fact or issue raised by a request for admission that the opposing party refused to admit. As discussed above, *Wagy* and *Stull*, two cases that were decided after *Brooks*, both held that to recover cost-of-proof sanctions, it is not sufficient to merely prepare to prove an issue or fact at trial; the requesting party must present evidence addressing that fact or issue to recover such sanctions. (*Wagy*, *supra*, 24 Cal.App.4th at p. 6; *Stull*, *supra*, 92 Cal.App.4th at pp. 864-868.) We see no reason to depart from *Wagy* and *Stull* here.

12

Because Roldan did not present evidence on the issue of insurability at trial, and therefore did not prove that issue at trial, the court should not have awarded him cost-of-proof sanctions with respect to Requests 7, 22, 29, and 32.

### d. The court erred in awarding expenses related to Requests 31 and 36

Flores next contends the court erred in awarding Roldan expenses related to Requests 31 and 36 because Roldan never proved the issues raised by those requests. We agree.

Requests 31 and 36 asked Flores to admit that Roldan lawfully was operating his motorized bicycle on the sidewalk at the time of the accident. Specifically, Request 31 asked Flores to admit that "[Roldan's] operation of a motorized bicycle upon a sidewalk at the time of the INCIDENT did not require him to travel in the same direction as vehicular traffic." Request 36 asked Flores to admit that "[t]raveling southbound is allowed on the sidewalk where [Roldan] was traveling at the time of the INCIDENT."

Roldan did not prove that he lawfully was operating his motorized bicycle on the sidewalk at the time of the accident. In fact, before the case was submitted to the jury, the court concluded it had been established that Roldan did violate the Vehicle Code when he operated his motorized bicycle on the sidewalk. Specifically, the court instructed the jury that, at the time of the accident, Roldan was violating Vehicle Code section 21663, which generally prohibits a person from operating a motor vehicle on a sidewalk, and that the jury was required to determine whether Roldan's violation of that statute was a substantial factor in causing his injuries.

Roldan contends the court did not err in awarding him costs related to Requests 31 and 36 because it is not necessarily illegal to ride a bicycle in the opposite direction of traffic while on the sidewalk, citing *Spriesterbach v. Holland* (2013) 215 Cal.App.4th 255 (*Spriesterbach*). In *Spriesterbach*, the Court of Appeal reviewed whether it was appropriate for the trial court to instruct the jury that "riding a bicycle on the sidewalk in the opposite direction of the street traffic violated the Vehicle Code and, therefore, was negligent per se." (*Id*. at pp. 268-273.) The Court of Appeal held that

13

the instruction was erroneous because no provision of the Vehicle Code, on its own, prohibits bicyclists from riding on the sidewalk in the opposite direction of street traffic. (*Id*. at pp. 269-273.) Although Vehicle Code sections 21650[9] and 21650.1[10] prohibit a person from riding a bicycle in the opposite direction of traffic while on a roadway, or a shoulder of a roadway, the court held that those statutes did not, on their own, prohibit a bicyclist from riding in the opposite direction of street traffic while on the sidewalk, since the sidewalk is an area distinct from the roadway and the shoulder. (*Id*. at pp. 270-273.) Specifically, Vehicle Code sections 21650 and 21650.1 do not prohibit a bicyclist from riding in the opposite direction of traffic while on a sidewalk, but permit local governments to outlaw such conduct through local ordinances. (*Ibid*.) Since the area in which the plaintiff was riding his bicycle did not have a local ordinance prohibiting bicyclists from riding in the opposite of traffic while on the sidewalk, the trial court erred in instructing the jury that the plaintiff violated the Vehicle Code by doing so. (*Id*. at pp. 268-273.)

*Spriesterbach* does not support Roldan's argument because whether Roldan lawfully rode a bicycle in the opposite direction of traffic while on the sidewalk was not a relevant issue by the time his claims were submitted to the jury. At trial, the parties stipulated to the fact that Roldan was not operating a bicycle at the time of the accident. In addition, the court presumably found Roldan was operating a motor vehicle, and not a bicycle, because it found he violated Vehicle Code section 21663, which generally

---

[9]     Vehicle Code section 21650 provides in relevant part: "Upon all highways, a vehicle shall be driven upon the right half of the roadway . . . . [¶] (g) This section does not prohibit the operation of bicycles on any shoulder of a highway, on any sidewalk, on any bicycle path within a highway, or along any crosswalk or bicycle path crossing, where the operation is not otherwise prohibited by this code or local ordinance."

[10]     Vehicle Code section 21650.1 provides: "A bicycle operated on a roadway, or the shoulder of a highway, shall be operated in the same direction as vehicles are required to be driven upon the roadway."

14

prohibits a person from operating a motor vehicle on a sidewalk. Roldan never challenged that finding below, and he does not challenge it on appeal.

In sum, Roldan did not prove that he lawfully was operating his motorized bicycle on the sidewalk at the time of the accident. Accordingly, the court should not have awarded him expenses stemming from his efforts to prove the issues raised by Requests 31 and 36.

### e. The court erred in awarding expenses related to Requests 11 and 12

Flores next contends the court erred in awarding Roldan expenses related to Requests 11 and 12. Those requests asked Flores to admit that Roldan incurred up to $1,000 in general and special damages as a result of the accident. Flores contends that whether she admitted that Roldan incurred up to $1,000 in general and special damages was not of substantial importance because, regardless of Flores' response to Requests 11 and 12, Roldan still would have pursued a substantially higher amount of damages at trial. Therefore, Flores argues, even if she admitted Requests 11 and 12, the trial would not have been any shorter and Roldan would not have saved any expenses proving damages. We agree.

From the beginning of trial, Roldan argued that he suffered at least $72,000 in general and special damages. During his opening statement, Roldan's counsel requested the jury to award Roldan $55,000 for pain and suffering and $17,364.50 for past and future medical expenses. Roldan's medical expert, who testified about the medical treatment Roldan received following the accident and the potential medical treatment Roldan could require after trial, opined that Roldan suffered more than $10,000 in damages for past and future medical expenses. During his closing argument, Roldan's counsel increased his request, asking the jury to award Roldan $55,000 in general damages and $22,456.5 in special damages, for a total of $77,456.50 in damages. The jury found that Roldan suffered $7,500 in non-economic damages for pain and suffering and $11,000 in economic damages for past medical expenses.

15

An award of expenses under section 2033.420 "is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission where the admission sought was 'of substantial importance' . . . such that trial would have been expedited or shortened if the request had been admitted." (*Brooks, supra,* 179 Cal.App.3d at p. 509.) "An issue is of 'substantial importance' if it has 'at least some direct relationship to one of the central issues in the case, i.e., an issue which, if not proven, would have altered the results in the case.' [Citation.]" (*Wimberly v. Derby Cycle Corp.* (1997) 56 Cal.App.4th 618, 634–635.)

Here, the court erred in awarding Roldan expenses incurred with respect to proving Requests 11 and 12 because the issues raised by those requests—i.e., whether Roldan had suffered up to $1,000 in general and special damages—were not of substantial importance to Roldan's claims at trial. As noted above, Roldan never requested less than $72,000 in damages during trial, an amount substantially higher than the amounts at issue in Requests 11 and 12. Roldan's medical expert testified that his past and future medical expenses alone were substantially higher than the amount of damages Roldan asked Flores to admit. In addition, the amount of damages the jury found Roldan suffered—$18,500—was also substantially higher than the amounts at issue in Requests 11 and 12. Thus, even if Flores had admitted that Roldan suffered up to $1,000 in general and special damages, the trial would not have been expedited or shortened, Roldan's strategy for proving his damages likely would not have been any less costly, and the result of the trial would not have been different.

### f. The court did not err in awarding expenses related to Requests 13, 16, 17, 18, and 20

Flores argues the court erred in awarding Roldan expenses he incurred in proving the matters addressed in Requests 13, 16, 17, 18, and 20 because Flores had a reasonable ground to believe she would prevail on the issue of liability. We disagree.

Requests 13, 16, 17, 18, and 20 addressed whether Flores was responsible for the accident. Request 18 asked Flores to admit whether she struck Roldan with her car. Request 20 asked Flores to admit that she was not paying attention to the road at the

16

time she struck Roldan with her car. Requests 13, 16, and 17 asked Flores to admit that her negligence caused or contributed toward the accident.

At trial, Flores testified that before she entered the crosswalk where she struck Roldan, she first looked to the right (the direction from which Roldan was approaching), then to the left, then to the right, and then to the left again before entering the crosswalk. She admitted that she did not look to the right one more time to check for people approaching from the sidewalk before entering the crosswalk to make a right turn onto Western Avenue. Roldan testified that after he reached the entrance to the crosswalk, he waited about 20 seconds while Flores' car was stopped before entering the crosswalk.

Based on this evidence, the court was within its discretion to decide that Flores did not have a good reason to deny any of the requests. With respect to Request 18, it was undisputed that Flores hit Roldan with her car. She would have known this fact from the moment the accident occurred. With respect to Request 20, the court was within its discretion to decide Flores also would have known at the time she denied the request that she was not paying attention to any pedestrians that may have been approaching alongside the roadway from the right side of her car. Again, Flores testified that she did not look to the right immediately before entering the crosswalk to make a right turn, and Roldan testified that he waited at the corner of the intersection for about 20 seconds before entering the crosswalk.

With respect to Requests 13, 16, and 17, Roldan argues she had a good reason to deny that her negligence was a cause of the accident because the police officer who investigated the accident testified that Roldan's failure to wait for Flores to leave the intersection before entering the crosswalk was a cause of the accident. However, even if Roldan's conduct was a cause of the accident, there was considerable evidence establishing that Flores' negligence also caused the accident; the requests did not ask Flores to admit that she was the sole cause of the accident. In addition, the court heard Roldan's testimony that he waited about 20 seconds at the corner of Western Avenue and 22nd Street before entering the crosswalk. Based on this testimony, in addition to

17

Flores' own admission that she did not look to the right before entering the crosswalk, the court was well within its discretion to conclude that Flores' negligence was a cause of or contributed to the accident.

### g. The court must recalculate the amount of expenses Roldan shall recover

In sum, the court erred in awarding expenses Roldan incurred with respect to Requests 7, 11, 12, 22, 29, 31, 32, and 36. Because we cannot determine how much of the $48,000 in fees and costs the court awarded Roldan is allocated among the requests for which expenses should not have been awarded, we must remand the matter to the trial court for a recalculation of the amount of fees and costs Roldan is entitled to recover.

### 2. Flores failed to provide an adequate record to review her challenges to the court's order denying her motion to tax costs

Flores raises two claims arising out of the court's order denying her motion to tax costs. First, she contends the court erred in failing to consider the merits of her motion. Second, she contends the court erred in awarding Roldan's request for expert witness fees under section 998. Flores has failed to provide us with an adequate record to review her claims.[11]

It is well-settled that a judgment or order of the trial court is presumed correct. (*Jewish Community Centers Development Corp. v. County of Los Angeles* (2016) 243 Cal.App.4th 700, 714.) " ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that

---

[11]     After completing our initial review of this appeal, we sent a letter to the parties advising them of the shortcomings of the record. We informed the parties that we would deem waived Flores' challenge to the court's award of expert witness fees to Roldan under section 998, if we did not receive an adequate record of the hearing on Flores' motion to tax costs. Specifically, we requested the parties provide a reporter's transcript or agreed statement documenting that hearing, as well as an order or an amended judgment showing what costs were awarded to Roldan following that hearing. The parties did not provide us with any of those documents. In addition, Flores did not address the issue of waiver in her supplemental brief submitted in response to our letter.

such matters were presented." ' [Citation.]" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*.) To overcome this presumption, the appellant must provide a record that allows for meaningful review of the challenged judgment or order. (*Ibid*.) If the appellant fails to provide a reporter's transcript and other evidence necessary to review his claims on appeal, we presume the challenged judgment or order is correct. (*Stasz*, *supra*, 190 Cal.App.4th at p. 1039.)

Although Flores argues the court erred by failing to consider the merits of her motion to tax costs, we cannot meaningfully review this contention without a complete record of the proceedings on that motion. For example, there is no reporter's transcript or agreed statement from the hearing on her motion, nor is there a written order issued by the court setting forth the court's reasons for denying the motion. Rather, there is only a November 14, 2014 minute order from the hearing on Flores' motion to tax costs and motion for cost of proof sanctions, in which the court simply states, "Both motions are denied." Although the record includes a November 17, 2014 "Notice of Ruling" that purports to explain at least part of the court's rationale for denying Flores' motion to tax costs, that notice was prepared by Roldan's counsel and is not an order issued by the court. Because Flores has failed to provide an adequate record to review the court's order denying her motion to tax costs, we must presume that order is correct. (See *Foust*, *supra*, 198 Cal.App.4th at p. 187.)

We also cannot review Flores' challenge to the court's purported award to Roldan of expert witness fees under section 998 because there is no order or ruling included in the record showing the court in fact awarded such fees. The court's September 26, 2014 order granting Roldan's motion for cost-of-proof sanctions makes no reference to an award of expert witness fess, and neither the court nor counsel discussed expert witness fees at the hearing on that motion. The November 14, 2014 order denying Flores' motion to tax costs makes no mention of any specific costs or fees awarded to the parties, and there is no separate order or amended judgment showing what costs were awarded to the parties, aside from the September 26, 2014 order awarding Roldan cost-of-proof sanctions.

Flores argues the court must have awarded Roldan expert witness fees because he requested $19,204 in such fees in his memorandum of costs, and the court denied Flores' motion to tax costs challenging the fees requested by Roldan. Although the record contains a memorandum of costs dated August 1, 2014 in which Roldan requested $19,204 in expert witness fees, it is unclear whether that memorandum of costs was ever filed with the court; there are three copies of the memorandum in the record, none of which is file-stamped. In response to our letter asking the parties to supplement the record, Flores submitted a memorandum of costs that Roldan filed in the trial court on October 22, 2014. That document, however, does not include a request for expert witness fees. As noted above, Flores has not supplied a record of the hearing on her motion to tax costs. Accordingly, we are unable to determine whether the court awarded Roldan expert witness fees under section 998 when it denied Flores' motion.

**DISPOSITION**

We reverse the court's September 26, 2014 order granting Roldan costs-of-proof sanctions under section 2033.420. The matter is remanded to allow the court to recalculate the costs that should be awarded to Roldan as set forth in the opinion. We affirm the court's November 14, 2014 order denying Flores' motion to tax costs. The parties shall bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

STRATTON, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.